Memorandum. The order of the Appellate Division should be affirmed.
On January 20, 1971, appellant stabbed Betty Williams through the heart and she died less than three months thereafter. Upon trial of the indictment charging murder and in submitting the question of appellant’s sobriety at the time of the attack, the jurors were instructed, inter alia, that they could consider any evidence on the subject, that any determination as to defendant’s condition was to be based on evidence and not on speculation or innuendos, and that, if defendant was so intoxicated that he did not have the appropriate intent, he would not be guilty. On the whole, the charge on intoxication was consistent with New York law (Penal Law, § 15.25; People v Jones, 27 NY2d 222, 228-229; People v Koerber, 244 NY 147, 150-151, 152). Indeed, appellant’s brief concedes that the "court’s terse comments that appellant’s actual use of alcohol 'may be relevant’, if it 'was such as to negative the existence of a specific intent’ ”, were "in and of themselves correct”.
Appellant urges that the trial court charged erroneously that appellant’s reputation and habits were irrelevant, this argument being based apparently on the instruction that the jury should "completely disregard any evidence as to what the defendant’s drinking habits were on other occasions.” This *765 admonition correctly informed the jury that evidence of mere prior instances of intemperance could not be considered in determining whether defendant had the requisite intent or was in an intoxicated condition at the time of the stabbing (Noonan v Luther, 206 NY 105, 108; Zucker v Whitridge, 205 NY 50, 64, 66; Cleghorn v New York Cent. & Hudson Riv. R. R. Co., 56 NY 44, 46; Del Toro v Carroll, 33 AD2d 160, 163-165; McQuage v City of New York, 285 App Div 249, 253; 1 Wigmore, Evidence [3d ed], § 96; Fisch, New York Evidence, § 216; 21 NY Jur, Evidence, § 188; cf. Kowalczyk v Krum, 19 AD2d 803; see McCormack, Evidence [2d ed], § 195, p 464, n 16).
In view of the testimony of appellant’s medical expert on causation, the court’s statement as to the consideration to be accorded it was not unfair or in error.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed in a memorandum.