# (April 9, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE MOSHER, Appellant. — Appeal from a judgment of the County Court of Albany County, rendered February 1, 1979, upon a verdict convicting defendant of the crimes of murder in the second degree (felony murder) and burglary in the first degree. On July 25, 1978, at about 1:45 A.M., defendant entered a dwelling occupied by Lawrence Murray, Murray's sleeping wife and his three children. An altercation occurred in a bedroom during which defendant struck Murray with a baseball bat causing his death from extensive skull fractures and brain lacerations. Defendant took Mrs. Murray's purse containing a checkbook and identification, and exited through a kitchen window. He forged a check for $300, cashed it at a bank, and was subsequently apprehended. On August 3, 1978, defendant was indicted on four counts by the Grand Jury, charging murder in the second degree (felony murder), murder in the second degree (intentional murder), robbery in the first degree, and burglary in the first degree. Defendant claimed he went to collect $300 for bad marihuana sold him by decedent who admitted him to the house. He urged that an argument over the amount of his refund ensued during which decedent reached for a knife, at which point defendant

hit him with a bat in self-defense. The jury found him guilty of felony murder and burglary in the first degree. He was sentenced as a predicate felon to a maximum term of 25 years to life on the murder conviction, and 12½ years to 25 years on the burglary conviction, the sentences to run concurrently. Most of the numerous issues raised by defendant on the appeal are groundless and warrant little more than brief comment. Although defendant maintains that several instances of prosecutorial misconduct deprived him of a fair trial, our examination of the record persuades us that these matters, even if they represented error, were not prejudicial or were adequately cured by proper instructions (see *People v Ashwal,* 39 NY2d 105; *People v De Tore,* 34 NY2d 199, cert den 419 US 1025; *People v Garcia,* 72 AD2d 356; cf. *People v Alicea,* 37 NY2d 601). Next, in light of defendant's testimony that he struck the deceased, it is difficult to understand how the uncertain identification of another perpetrator by Murray's nine-year-old son constituted exculpatory "Brady" material (cf. *Brady v Maryland,* 373 US 83). In any event, defendant was apprised of this circumstance before trial and there is no suggestion that earlier notification would have affected his defense. Similarly, while the notice of a pretrial identification procedure could have been more specific, defendant never sought discovery or a bill of particulars and participated fully in the suppression hearing conducted thereon (cf. CPL 710.30, subd 3) which produced convincing evidence that the identifying witness had an independent and untainted basis for her recognition of him (cf. *People v Ramos,* 42 NY2d 834). Defendant also contends the trial court erred on evidentiary rulings and in its charge to the jury. We disagree. The photographs of decedent's head were not prejudicial; they were introduced to help explain medical testimony and dispel the claim of self-defense (see *People v Pobliner,* 32 NY2d 356, cert den 416 US 905). On the other hand, the victim's prior convictions for possessing drugs were properly excluded for they were irrelevant to the defense of justification *(People v Miller,* 39 NY2d 543) and were not otherwise admissible (cf. *People v Holliday,* 38 NY2d 763). As for the charge, the trial court repeatedly stressed that a finding of guilt on either the robbery or burglary accusation was essential to a conviction for felony murder. The order in which the various charges were submitted did not, in our opinion, mislead or confuse the jury. Finally, considering the proof of defendant's admission, it cannot be said that his conviction rests on the uncorroborated testimony of the victim's children received without oath (cf. *People v St. John,* 74 AD2d 85) or that the verdict acquitting him of robbery while finding him guilty of burglary was inconsistent. We have reviewed defendant's remaining arguments and find them to be similarly lacking in merit. Judgment affirmed. Kane, J.P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.