OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Appellant urges that his conviction of criminal possession of a weapon in the second degree (Penal Law, § 265.03) should be reversed because the trial court charged the jury without more that “it is a fundamental rule of evidence that a person is presumed to intend the natural consequences of his acts” (cf. Sandstrom v Montana, 442 US 510). We do not reach his contention that this charge was erroneous inasmuch as the issue has not been preserved for our review (People v Thomas, 50 NY2d 467).
*915 When the charge of which appellant now complains was included in the instructions given to the jury at the close of the trial, no protest was registered. After the jurors had deliberated for about two hours they returned, requesting further instructions including definitions of “reasonable doubt” and “intent”. In response to this request the court repeated the challenged charge with respect to presumed intent. This time defense counsel did engage in a colloquy with the court concerning the supplemental charge to the jurors. He predicated his comments on the stated assumption (in fact inaccurate) that the trial court had charged them “that [the] presumption can be overcome by evidence to the contrary”. Based on that expressed assumption counsel’s request was for a charge that “In this case it has been overcome”, in effect a ruling that the presumption had been overcome as a matter of law, thus taking it out of the case. The Trial Judge so interpreted his request — “You want me to tell the jury that the presumption, a man is presumed to intend [the] natural consequences of an act as a matter of law [is] overcome?” — and denied the request.
Appellant now presses the argument that in fact there had been no instructions with respect to overcoming the presumption and that such omission constituted reversible error. No protest, however, was registered to this asserted error at any time. It was defense counsel who advanced the inaccurate assumption that instructions with reference to overcoming the presumption had been included. He premised his request to charge on that assumption, and the trial court denied the request on the same hypothesis. Instead of inviting the court’s attention to the omission to charge with respect to overcoming the presumption, defense counsel in effect assured the court that there had been no such omission.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum: