■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARD MORTON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered December 7, 1981, convicting him of sexual abuse in the first degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant failed to raise at trial his objections to the adequacy and content of the jury instructions and accordingly has not preserved his claims for appellate review (see, People v Colon, 54 NY2d 913; People v Smith, 87 AD2d 640). In any event, a jury instruction which outlines a permissive inference of intent from conduct, based on all the circumstances, is proper (see, People v Getch, 50 NY2d 456). Further there is no general requirement that the court specifically relate intoxication to the particular intent requirement of each of the crimes charged (see, People v Holliday, 38 NY2d 763; People v Leary, 64 AD2d 825).

Any issue with respect to the conduct of the court during the trial was also not preserved for review since trial counsel made no objection whatsoever to the remarks now challenged. Where defense counsel believes the Trial Judge has interfered or prejudiced the defendant's case by his conduct, counsel has the responsibility of making objection at trial in some form to give the Judge an opportunity to correct the problem (see, People v Charleston, 56 NY2d 886). In any event, upon this record, the court's remarks did not prejudice defendant.

Finally, it is well settled that the granting or denial of an adjournment by a Trial Judge is a matter of discretion (see, People v Singleton, 41 NY2d 402). In the instant case, under all the circumstances, the court, after granting an initial continuance, was justified in declining to grant defendant a second adjournment of the trial in order to enable him to produce a witness. Gibbons, J. P., Weinstein, Eiber and Kooper, JJ., concur.