■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY DANIELS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bonomo, J.), rendered November 16, 1982, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that the decision as to whether to grant or deny an adjournment for any purpose is a matter resting within the sound discretion of the trial court (People v Singleton, 41 NY2d 402, 405; People v Oskroba, 305 NY 113, 117, rearg denied 305 NY 696; People v Morton, 117 AD2d 631). When a witness has been identified to the court and is to be found within the jurisdiction, a request for a short adjournment after a showing of some diligence and good faith should not be denied merely because of possible inconvenience to the court or others (People v Foy, 32 NY2d 473). In the instant case, there has been no showing of a diligent and good-faith attempt on the part of the defendant to insure Officer Terry's appearance at trial. The record discloses that the defendant had more than one week during trial proceedings and an even greater period of time prior to trial in which to serve the witness with a subpoena to insure his presence at trial (People v Hayes, 116 AD2d 737).

In addition to his failure to demonstrate the requisite degree of diligence to guarantee the witness' presence on the day his testimony was needed, the defendant has made no showing that the testimony of the prospective witness would be material and favorable to the defendant (see, Matter of Anthony M., 63 NY2d 270, 284). There is no indication on the record that the defendant had any personal knowledge as to

the actual substance of Officer Terry's potential testimony. Rather, the defendant's assertions regarding the relevance and importance of such testimony are based solely on speculation that Officer Terry might be able to impeach the testimony of his brother officer regarding the issue of whether the defendant had actually possessed the revolver. Under the circumstances, the liberal policy in favor of granting short adjournments when the request is made in order to insure some fundamental right must give way to the recognition that the defendant does not have the *"right* to delay his trial unreasonably regardless of reality" *(People v Brabson,* 9 NY2d 173, 179, *cert denied* 369 US 879).

Under the circumstances, the refusal to grant the defendant an adjournment was not an abuse of discretion. Mollen, P. J., Weinstein, Eiber and Sullivan, JJ., concur.