■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthews, J.), rendered November 1, 1985, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant initially challenges the denial of his motion to suppress the identification testimony of George Jones, an eyewitness to the crime, claiming that his identification of the defendant resulted from an unduly suggestive showup procedure initiated by the police. We disagree. The record reveals that the police had been questioning Jones at the precinct for a substantial period of time concerning a shooting incident he had witnessed. At the conclusion of the questioning Jones was asked to wait in a squad room, which also contained a detention cell. At some point thereafter, the police placed an individual, later identified as the defendant, in the detention cell. Jones testified at the hearing that he glanced at the defendant at this time but did not recognize him. Nor does it appear from the record that the police, in any way, attempted to draw Jones's attention to the defendant. Jones was then informed that he was free to leave the precinct. As he exited the squad room, the defendant asked him for a cigarette. It was at this juncture that Jones first recognized the defendant as the person who had shot the complaining witness.

Contrary to the defendant's contentions, we find that the encounter between Jones and the defendant "was made by happenstance [and] was not the result of a procedure initiated by the police" *(People v Motel,* 121 AD2d 404, *lv denied* 68

NY2d 759; *see also, People v James,* 111 AD2d 254, *affd* 67 NY2d 662). The defendant, by asking for a cigarette, drew attention to himself, and Jones's subsequent identification was "unavoidable and not due to any fault of law enforcement officials" *(People v Bookhart,* 117 AD2d 739, 740).

We further find that the trial court did not err in refusing to submit for the jury's consideration the issue of whether a certain witness, Rodney Seabrooks, was an accomplice whose testimony required corroboration *(see,* CPL 60.22). There is no reasonable view of the evidence from which a jury could find that Seabrooks was an accomplice *(see, People v Berger,* 52 NY2d 214, 219) or infer that he had any complicity in the shooting of the complaining witness *(see, People v Vataj,* 69 NY2d 985, 987).

Equally unavailing is the defendant's contention that the trial court abused its discretion in refusing to grant him a two-week continuance to enable him to call Detective Frank Hines, who had left the jurisdiction on vacation. We concur with the trial court's finding that it was the defendant's own lack of diligence in failing to definitively notify the prosecutor of his intent to call Hines as a witness which caused the difficulties in securing Hines's presence at trial *(see, People v Daniels,* 128 AD2d 632, *lv denied* 70 NY2d 645). The record reveals, and the defendant concedes, that he made no attempt to subpoena Hines until he discovered that Hines had left the jurisdiction. Although the defendant asserts that he advised the prosecutor that he might call Hines as a witness, there is no evidence in the record that the defendant specifically requested that Hines remain available during the trial. Similarly, the record is devoid of evidence that the defendant was informed or that he relied upon any representations that Hines would be called as a prosecution witness *(cf., People v Blowe,* 130 AD2d 668). Accordingly, the trial court's refusal to grant the request for an adjournment did not constitute an abuse of discretion so as to warrant a reversal of the conviction.

Nor was it error for the trial court to refuse to allow the defendant to introduce portions of Hines's *Wade* hearing testimony for the purpose of impeaching Jones's identification of the defendant. In *People v Ayala* (144 AD2d 564), this court held that *Wade* hearing testimony, indeed, all suppression hearing testimony, is not included among the types of prior testimony which may be used at a subsequent proceeding if a witness becomes unavailable *(see,* CPL 670.10). Moreover, we find that the prosecution did not waive its objection to the

admissibility of this testimony under the guidelines set forth in *Matter of Holtzman v Hellenbrand* (92 AD2d 405, 415), since there was no showing that the People engaged in misconduct designed to induce Hines to leave the jurisdiction to avoid testifying.

We have examined the defendant's remaining contentions, including his challenge to the propriety of the sentence, and find them to be without merit. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.