■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

VIRA BALDWIN, Appellant.—Judgment unanimously affirmed. Memorandum: The fact that the People did not disclose to defense counsel the victim's initial statement made to the police and to hospital personnel until immediately prior to her cross-examination did not deprive defendants of a fair trial. Defendants used the statement in their cross-examination of the victim and the record does not establish that earlier disclosure would have significantly affected the nature of the evidence or reshaped defendants' trial strategy *(see, People v Clark,* 89 AD2d 820, *cert denied* 459 US 1090; *People v Mosher,* 81 AD2d 684).

In our view, defendants properly and validly waived their right to a jury trial. The Trial Justice carefully explained the significance of the jury waiver instruments to defendants and questioned them with regard to the waiver in endeavoring to insure that their actions were knowing and intelligent. Defendants executed waiver instruments which the Trial Justice approved and executed. Defendants do not assert that the waivers were not in fact executed in "open court" as required by NY Constitution, article I, § 2 and CPL 320.10 (2) *(cf., People v Davidson,* 136 AD2d 66, 68); they contend only that the record does not reflect that this occurred. We have reviewed the other claims made by defendants and find each to be without merit. (Appeal from judgment of Supreme Court, Erie County, Francis, J.—sodomy, first degree, and other charges.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.