THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERMAINE VARGAS, Also Known as VICTOR PUELLO, Appellant. —Appeal by the defendant from two judgments of the Supreme Court, Kings County (Broomer, J.), both rendered October 10, 1986, convicting him of criminal possession of a controlled substance in the third degree under indictment No. 955/85, upon his plea of guilty, and assault in the second degree and criminal possession of a weapon in the second degree under indictment No. 5750/85, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

Initially we note that since no objection was taken as to what the defendant now claims was the trial court's excessive involvement in the proceedings during the trial and no motion for a mistrial was made, this claim of error is unpreserved for our review *(see, People v Charleston,* 56 NY2d 886; CPL 470.05 [2]). In any event, the defendant's contention that the trial court improperly interjected itself into the proceedings is belied by the record. "The role of the Trial Judge is neither that of automaton nor advocate" and his or her function is to clarify the issues and to facilitate the orderly and expeditious progress of the proceedings *(People v Yut Wai Tom,* 53 NY2d 44, 56). This function includes the obligation to encourage clarity in the development of the proof *(see, People v Yut Wai Tom, supra,* at 56; *People v Moulton,* 43 NY2d 944; *People v De Jesus,* 42 NY2d 519; *People v Robinson,* 137 AD2d 564). Reversal of the conviction is not warranted because the Trial Judge's admonishments were directed to both the prosecution and defense counsel *(see, People v Jordan,* 138 AD2d 407).

Equally unavailing is the defendant's contention that the trial court improvidently exercised its discretion in refusing to grant a one-week continuance to locate witnesses and investigate the scene of the assault. It is well settled that the granting of an adjournment is within the discretion of the trial court *(see, People v Tineo,* 64 NY2d 531; *People v Single-*

ton, 41 NY2d 402; *People v Johnson,* 145 AD2d 573; *People v Pally,* 131 AD2d 889; *People v Daniels,* 128 AD2d 632, *lv denied* 70 NY2d 645). The trial court need not grant an adjournment where the moving party has failed to show diligence and good faith in attempting to procure a witness. In the instant case, the vague claim made just as the trial was about to begin that defense counsel wished to investigate a closed club and seek out unnamed witnesses does not establish diligence or good faith on the part of the defendant.

We also reject the defendant's argument that he was denied his constitutional right to a fair trial by virtue of the ineffectiveness of counsel. It is well established that the standard of review of trial counsel's performance is meaningful representation *(see, People v Baldi,* 54 NY2d 137). When reviewing claims of ineffective assistance of counsel, care must be taken to avoid confusing true ineffectiveness with mere losing tactics and according undue significance to a hindsight analysis *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi, supra; People v Aiken,* 45 NY2d 394). In the case at bar, defense counsel presented an effective case which included the defenses of justification and intoxication. She made numerous pretrial motions, conducted vigorous cross-examinations of the People's witnesses and gave a passionate summation to the jury. The record also reflects that she made numerous objections and motions during the course of the trial and was successful in securing an acquittal on the higher counts of attempted murder in the second degree. The decision not to request the lesser included offense of assault in the third degree may have been a tactical maneuver which we will not second-guess *(see, People v Lane,* 60 NY2d 748).

We decline to modify the sentence in the interest of justice. The court merely misspoke when it stated that it would impose the minimum sentence upon the defendant's plea of guilty to criminal possession of a controlled substance in the third degree when the record reveals that the agreed-upon term of 2 to 6 years' imprisonment was the product of negotiation and agreed to by the defendant and his counsel.

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.