■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD D. MEANEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered May 6, 1986, as amended March 23, 1988, convicting him of grand larceny in the second degree and forgery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The defendant contends that the trial court improvidently exercised its discretion, thereby depriving him of a fair trial, when it refused to grant his application for a continuance to enable him to enforce subpoenas seeking evidence he described as crucial to the defense. We disagree. It is well settled that a determination to grant or deny an adjournment for any purpose is a matter within the sound discretion of the Trial Judge *(see, People v Tineo,* 64 NY2d 531; *People v Singleton,* 41 NY2d 402, 405; *People v Green,* 140 AD2d 370). The standards applicable to motions of this nature are: " ' "(1) that the witness is really material and appears to the court to be so; (2) that the party who applies has been guilty of no neglect; (3) that the witness can be had at the time to which the trial is deferred" ' " *(People v Foy,* 32 NY2d 473, 476). In this case, the defendant did not meet any of these standards in his belated efforts to procure the documents sought or to present a particular defense witness *(see also, People v Vargas,* 150 AD2d 513). It was the defendant's own negligence which caused the difficulties in securing the documents and the witness's presence at the trial *(see, People v Johnson,* 145 AD2d 573, 574; *People v Daniels,* 128 AD2d 632). Further, the

defendant could make no assurances as to when the subpoenaed documents would be available. In effect then, he was asking for an indefinite adjournment. Under all the circumstances, the court did not improvidently exercise its discretion, after granting an initial short continuance, in refusing to grant a second adjournment of the trial (see, People v Morton, 117 AD2d 631).

Contrary to the defendant's contentions, the evidence established that he had the requisite larcenous intent when he took money from the complainant's money market account. Viewing the evidence in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.