■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN LEE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered October 15, 1987, convicting him of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the sentence proceeding, the defendant was informed that this court had denied his motion pursuant to Judiciary Law § 509 (a) to compel disclosure of the jurors' names, addresses and telephone numbers on the ground of juror misconduct. The defendant then requested an adjournment of the sentence proceeding, which previously had been adjourned pending this court's determination of the disclosure motion, so as to allow him to "go another way" or "put together a motion in writing" pursuant to CPL 330.30. The court denied the application for a further adjournment and advised the defendant of his right to make a postjudgment motion pursuant to CPL article 440. The defendant contends that the denial of an adjournment was error. We disagree. It is well settled that the granting of an adjournment is within the discretion of the court (see, People v Tineo, 64 NY2d 531; People v Singleton, 41 NY2d 402; People v Vargas, 150 AD2d 513; People v Johnson, 145 AD2d 573). A period of four weeks elapsed between the date of the jury verdict and the date of sentence. The defendant gave no explanation as to why, during this time, he did not prepare a motion, with supporting affidavits from the two jurors who did come forward and apprise trial counsel that activity allegedly amounting to misconduct had occurred. Hence there was no showing of diligence and good faith in this regard. It is difficult to see what purpose would have been served in adjourning the sentence proceeding in view of the fact that the defendant could have made a CPL article 440 postjudgment motion. We note that, to date, no postjudgment motion has been forthcoming from the defendant.

The charge as to reasonable doubt, when viewed in its totality, sufficiently conveyed the proper standard to be applied by the jury.

Finally, the sentence imposed was not excessive. Mollen, P. J., Lawrence, Eiber and Kooper, JJ., concur.