■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME WHITEHEAD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered January 2, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not improvidently exercise its discretion when it refused to grant the defendant's application for a continuance to secure the presence of a witness. There was no showing that the potential testimony of the absent witness was material or relevant to any issue in the trial (see, Matter of Anthony M., 63 NY2d 270, 283-284; People v Meaney, 154 AD2d 555; People v Daniels, 128 AD2d 632).

The defendant's claim that the trial court interfered in the examination of the witnesses and made comments which allegedly denigrated the defense counsel was not preserved for appellate review by a prompt objection or mistrial motion (see, People v Charleston, 56 NY2d 886; People v Vargas, 150 AD2d 513; CPL 470.05 [2]). In any event, the defendant was not deprived of a fair trial by the court's conduct. "The role of the

Trial Judge is neither that of automaton nor advocate" *(see, People v Yut Wai Tom,* 53 NY2d 44, 46). The court's function is to clarify the issues and to facilitate the orderly and expeditious progress of the proceedings. The court's intervention in the examination of the witnesses in this case was essentially for the purpose of clarifying the issues and was not improper *(see, People v Yut Wai Tom, supra; People v Moulton,* 43 NY2d 944). While the record reveals that the court made certain inappropriate remarks in the presence of the jury, they do not require reversal under the circumstances of this case.

We have examined the defendant's remaining contentions, including his claim that the sentence imposed was unduly harsh and excessive, and find them to be without merit. Brown, J. P., Lawrence, Eiber and Spatt, JJ., concur.