■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN FULGHAM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered February 9, 1989, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court abused its discretion by denying his request for a continuance, so as to enable him to secure a copy of a written statement supplied to the police by the complainant. We disagree. The prosecution was not required to turn the written statement over to the defendant pursuant to CPL 240.44, since the complainant was not called as a witness at the suppression hearing *(see, People v Mills,* 142 AD2d 653).

The record, in any event, establishes that the police had probable cause to arrest and search the defendant and that the written statement, if produced, would not have affected the ultimate decision on the issues in question *(see, People v Kent,* 143 AD2d 278). Indeed, the record discloses that the defendant was arrested and the contraband recovered before the complainant's statement was transcribed. Since the written statement had no direct bearing upon the issue of whether the police possessed probable cause to arrest the defendant, it cannot be said that the hearing court improvidently exercised its discretion by refusing to grant him a continuance *(see, People v Singleton,* 41 NY2d 402, 405; *People v Meaney,* 154 AD2d 555; *People v Morton,* 117 AD2d 631). Lawrence, J. P., Kunzeman, Eiber and Harwood, JJ., concur.