■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH BELOTTI, Appellant.—Appeals by defendant from (1) a judgment of the County Court, Rockland County (Nelson, J.), rendered March 7, 1989, convicting him of burglary in the second degree (two counts) under indictment No. 88-65, upon his plea of guilty, and imposing sentence, and (2) a judgment of the same court, rendered April 11, 1989, convicting him of bail jumping in the second degree under indictment No. 88-347, upon a jury verdict, and imposing sentence.

Ordered that the appeal from the judgment rendered under indictment No. 88-65 is dismissed as abandoned; and it is further,

Ordered that the judgment rendered under indictment No. 88-347 is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of bail jumping in the second degree beyond a reasonable doubt. The People's evidence proved that the defendant was allowed to remain at liberty on bail after his conviction on burglary charges pending sentencing and he failed to appear on the date set for sentencing or voluntarily within 30 days thereafter (see, Penal Law § 215.56). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of

guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's further contention, the trial court did not improvidently exercise its discretion by refusing to grant him a one-week continuance for the purpose of retaining an expert witness to testify as to the effects of the defendant's drug addiction. The defendant failed to demonstrate a good-faith attempt to secure an expert prior to his request for an adjournment *(see, People v Green,* 140 AD2d 370; *People v Daniels,* 128 AD2d 632).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review *(see,* CPL 470.05 [2]), without merit, or, to the extent that any error may have existed, it was harmless in light of the overwhelming evidence against the defendant *(see, People v Crimmins,* 36 NY2d 230). Thompson, J. P., Lawrence, Kunzeman and O'Brien, JJ., concur.