■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN TOLBERT, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered September 1, 1988, convicting her of criminal possession of a forged instrument in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The charges against the defendant arose from a complaint by the defendant's 82-year-old employer, that the defendant had stolen a blank check from the complainant, made the check payable to the defendant in the sum of $10,000, and forged the complainant's signature on the check.

Because the complainant died prior to trial, the People, pursuant to CPL 670.10, were allowed to read into the trial record the complainant's testimony given at a felony hearing at which she stated that it was not her signature on the subject check.

The defendant, in attempting to establish that the complainant had voluntarily given her the money, sought to introduce testimony that the complainant's husband had a reputation in

the community of being untrustworthy. The defendant also sought to introduce testimony as to the complainant's demeanor on one occasion seven months after the felony hearing. The defendant argues that the trial court erred in excluding this testimony. We agree, however, with the trial court rulings that this evidence was too remote and not probative of any issues in the case *(see, People v Pike,* 131 AD2d 890, 891).

Moreover, the court did not improvidently exercise its discretion by denying the defendant an adjournment to obtain testimony of her expert witness. By the defendant's own acknowledgement, that expert would testify that based on the evidence he had reviewed, it was his opinion that no determination could be made as to whether the controverted signature was or was not the complainant's. The defendant thus failed to show that the proof would be material and favorable to the defense *(see, Matter of Anthony M.,* 63 NY2d 270, 283-284; *People v Whitehead,* 155 AD2d 567).

The sentence imposed by the court was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contention and conclude that it is without merit. Brown, J. P., Rosenblatt, Miller and Ritter, JJ., concur.