■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH DUNKLEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered September 9, 1987, convicting him of assault in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not improvidently exercise its discretion

in denying the defendant's motion for an adjournment which was purportedly needed to secure the presence of two character witnesses. In the instant case, there was no showing of a diligent and good-faith attempt on the part of the defendant to insure the appearance of the proposed character witnesses at trial *(see, People v Daniels,* 128 AD2d 632). Furthermore, the record indicates that the witnesses were unavailable to testify even on the day to which adjournment was sought *(see, People v Foy,* 32 NY2d 473, 476; *People v Meaney,* 154 AD2d 555).

This court has already considered and rejected the defendant's contention that a verdict convicting a defendant of assault in the first degree based on the intentional infliction of serious physical injury (Penal Law § 120.10 [1]) and assault in the first degree based on the creation of a risk of death (Penal Law § 120.10 [3]) is repugnant or inconsistent *(People v Moloi,* 135 AD2d 576). Nothing raised by the defendant requires a different result. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.