■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WALKER, Appellant.—Appeal by the defendant from

a judgment of the Supreme Court, Kings County (Lipp, J.), rendered August 7, 1989, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's claims of prosecutorial misconduct, consisting, in the main, of alleged improper cross-examination and prejudicial comments in summation. Most of the defendant's claims were not properly preserved for appellate review (see, People v Medina, 53 NY2d 951, 953; People v Hawthorne, 175 AD2d 880; People v Lewis, 175 AD2d 885; People v Mack, 172 AD2d 629). In any event, we find that the instances of alleged misconduct did not deprive the defendant of a fair trial (see, People v Galloway, 54 NY2d 396; People v Roopchand, 107 AD2d 35, 36, affd 65 NY2d 837).

The defendant contends that certain sua sponte rulings by the trial court which limited cross-examination by the defense counsel, as well as the trial court's interruption of the defense witness to ask questions, deprived him of a fair trial. However, the defendant did not object to these alleged errors and his argument is therefore not preserved for appellate review (see, CPL 470.05 [2]; People v Charleston, 56 NY2d 886; People v Whitehead, 155 AD2d 567; People v Vargas, 150 AD2d 513). In any event, the court in a trial of a criminal action is permitted to raise matters on its own initiative in order to elicit significant facts, clarify or enlighten an issue, or facilitate the orderly and expeditious progress of the trial (see, People v Mendes, 3 NY2d 120, 121). We find that the challenged intervention by the trial court was appropriate and neither manifested a bias against the defendant nor deprived the defendant of a fair trial (see, People v Tucker, 140 AD2d 887, 891; People v Congilaro, 60 AD2d 442, 456-457).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Lawrence and Santucci, JJ., concur.