(January 5, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL R. WHITNEY, Appellant. [621 NYS2d 222] —Casey, J. Appeal from a judgment of the County Court of Albany County (Sheridan, J.), rendered February 26, 1993, upon a verdict convicting defendant of the crimes of burglary in the second degree, resisting arrest and assault in the third degree.

Defendant was charged with various crimes which resulted from defendant's breaking and entering the house of his former live-in girlfriend and assaulting her, and from struggling with the State Trooper who had come to the scene to investigate the disturbance. Upon his conviction, defendant was sentenced as a second felony offender to concurrent prison terms of 7½ to 15 years for burglary in the second degree and one year each for resisting arrest and assault in the third degree.

Defendant appeals and urges reversal on the ground that the scope of cross-examination of the victim was unduly restricted by County Court. County Court permitted defense counsel to inquire into the nature of the prior relationship that existed between the victim and defendant, and to inquire about the fact that defendant had intended to visit the victim the day before the offenses were committed because it was the victim's birthday and that defendant had gone to her home because the victim did not answer the phone calls he made. Defendant's claim, however, is that County Court should have permitted inquiry of the victim about the circumstances under which the parties met, the conditions under which they interacted and the manner in which they socialized. The scope of cross-examination lies in the sound discretion of the trial court (see, People v Keel, 201 AD2d 960, lv denied 83 NY2d 873). Contrary to defendant's argument, we find no abuse of County Court's discretion by restricting inquiry into these collateral matters (see, Feldsberg v Nitschke, 49 NY2d 636, 643). County Court properly concluded that the offered proof did not sufficiently bear on the victim's veracity to allow further inquiry.

As to County Court's refusal to permit introduction of a greeting card sent by the victim to defendant, we find the

ruling to be proper. The card was not an invitation to defendant to enter the victim's home and could not be construed as a license permitting defendant to do so (see, Penal Law § 140.00 [5]). As to defendant's use of the card to show the victim's feelings toward him, the card was not inconsistent with the victim's testimony that she still loved defendant and asked him if he planned to see her on her birthday. We also agree with County Court that inquiry into the victim's employment history and record was irrelevant and inadmissible. The cross-examination of the victim was, therefore, properly curtailed (see, People v Keel, supra).

The victim had been employed by the Albany County Probation Department until 1984. The presentence report of defendant was prepared by the Probation Department in February 1993. Defendant admitted that he had reviewed the report prior to sentencing which was approximately one month after his conviction. Nevertheless, defendant contends that the possibility of bias arising out of the victim's prior employment with the Probation Department entitled him to the adjournment he requested before sentence was imposed. In the circumstances, we find no abuse of discretion in the refusal of County Court to grant an adjournment of sentencing (see, People v Payne, 176 AD2d 827, lv denied 79 NY2d 862). Having found no error in defendant's appellate arguments, we affirm the judgment of conviction.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed.