■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISHKA ALPERN, Appellant. [630 NYS2d 106] —Peters, J. Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered December 15, 1993, upon a verdict convicting defendant of the crimes of assault in the first degree, assault in the second degree (two counts), assault in the third degree (two counts) and resisting arrest.

In the early morning hours of June 11, 1993, Valerie Grover, defendant's ex-girlfriend, observed defendant assaulting another individual. During her attempt to aid the victim, defendant punched her and threw her into a wall. Immediately thereafter, Grover obtained the aid of the police. While Grover was recounting the incident to the police, defendant was seen walking down the street. Grover immediately identified him which resulted in Police Officers Donald Barker, Martin Van Volkinburg and Drew Martin approaching defendant to inform him that he was going to be arrested for assault. When Barker reached for defendant's wrists, defendant began hitting him in the face and grabbing for his gun. A struggle ensued wherein

Barker, Martin and Van Volkinburg attempted to bring defendant under control. During the struggle the group fell to the ground, at which point defendant bit off Van Volkinburg's nose and spit it out.

Defendant was indicted and thereafter moved to suppress, *inter alia*, photographs taken of him without a court order (*see*, CPL 240.40 [2] [b] [iv]). County Court denied the motion. After a jury trial, defendant was convicted and sentenced to concurrent terms of incarceration of one year for each of the two counts of assault in the third degree, $2^1/_3$ to 7 years for each of the two counts of assault in the second degree, one year for resisting arrest and 5 to 15 years for assault in the first degree. He appeals.

Defendant initially challenges the warrantless arrest, alleging that the police officers did not possess the requisite reasonable cause to believe that he had committed a crime (*see*, CPL 140.10 [1] [b]). Under the circumstances here presented, reasonable cause is equated with probable cause (*see*, *People v Johnson*, 66 NY2d 398, 402, n 2; *People v McRay*, 51 NY2d 594, 602). The People were only obligated to show that they possessed sufficient information to convince a person of ordinary intelligence that a crime was committed by such individual (*see*, CPL 70.10 [2]), noting that the quantum of proof need not be that necessary to support a conviction (*see*, *People v Miner*, 42 NY2d 937, 938). Here, Barker testified that while Grover was recounting the events of her assault, he observed her to be very upset with bruises on her legs and scratches, blood and contusions on her right arm. Such information, coupled with knowledge of defendant's violent tendencies, thus provided the officers with the requisite reasonable cause to support the warrantless arrest (*see*, *People v Hill*, 146 AD2d 823, *lv denied* 73 NY2d 1016).

Addressing next defendant's contention that County Court erred in failing to suppress the photographs allegedly taken in violation of CPL 240.40 (2) (b) (iv), even if we were to agree, neither suppression nor reversal would be mandated since no constitutional rights were implicated (*see*, *People v Patterson*, 78 NY2d 711, 714-718; *People v Finkle*, 192 AD2d 783, 788, *lv denied* 82 NY2d 753; *People v Peters*, 135 AD2d 841).

As to defendant's contention that County Court abused its discretion in allowing Richard Vito, one of the emergency room physicians who examined Van Volkinburg, to testify as to the force necessary to cause Van Volkinburg's injuries, we find no error. The record reflects that Vito testified about the *kind* of force necessary to inflict the injury to Van Volkinburg's nose

(pulling and yanking) and not the degree or amount utilized. Noting that the purpose of expert testimony is to include facts and inferences which are "not necessarily within the ken of the average juror" (*People v Shattell*, 179 AD2d 896, 898, *lv denied* 79 NY2d 1007), we find that County Court appropriately exercised its discretion by permitting such testimony (*see, People v Cronin*, 60 NY2d 430; *People v Shattell, supra*, at 897).

With respect to defendant's challenge to the first jury panel, we find such issue unpreserved for review since such objection was not in writing before the commencement of jury selection (*see,* CPL 270.10 [2]; *People v Whitfield*, 152 AD2d 998, 999, *lv denied* 74 NY2d 900). We further find no unique circumstances requiring the waiver of the statutory requirements (*see, People v Parks*, 41 NY2d 36, 41).

As to defendant's challenge to the second jury panel, we note that to be successful "defendant must demonstrate that a substantial and identifiable segment of the community was not included in the [Petit] Jury pool because the process used to select * * * jurors 'systematically excluded' that group from service" (*People v Guzman*, 60 NY2d 403, 410, *cert denied* 466 US 951, quoting *Peters v Kiff*, 407 US 493, 503-504; *see, People v Bessard*, 148 AD2d 49, 55, *lv denied* 74 NY2d 845; *People v Lanahan*, 96 AD2d 675). Such showing must further be "supported by a demonstration of the demographic breakdown of the jury panels selected in order to show some systematic discrimination" (*People v Tucker*, 115 AD2d 175, *lv denied* 67 NY2d 766; *see, People v Woolfolk*, 192 AD2d 883, *lv denied* 82 NY2d 729). In light of the proof presented to County Court, we find that it properly declined to hold a hearing.

Finally, as to County Court's denial of defendant's motion to adjourn the sentencing, we find no error. The granting of an adjournment is a matter left to the discretion of the trial court (*see, People v Singleton*, 41 NY2d 402; *People v Whitney*, 211 AD2d 838, *lv denied* 85 NY2d 944; *People v Lee*, 155 AD2d 556, *lv denied* 75 NY2d 814). The relevant inquiry is whether defendant has been afforded "an opportunity to refute those aggravating factors which may have negatively influenced the court" (*People v Perry*, 36 NY2d 114, 119). While only 12 days elapsed between the date of the verdict and the date of sentencing, we find that County Court was clearly given sufficient information through an extensive probation report which referred to possible aggravating factors which might have affected sentencing. Defendant was not only provided with an opportunity to respond to the People's investigative report, but was also provided with an opportunity at sentencing to present

witnesses and letters in his support. Hence, we find that County Court did not abuse its discretion in declining the adjournment.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is affirmed.