■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE J. SCHNACKENBERG, Appellant. [704 NYS2d 161] —Graffeo, J. Appeal from a judgment of the County Court of Hamilton County (Feldstein, J.), rendered October 30, 1998, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

In satisfaction of an indictment charging multiple counts of burglary and petit larceny, defendant entered a plea of guilty to one count of burglary in the second degree with the understanding that he would be sentenced as a second felony offender to a determinate prison term of five years. Upon remanding defendant to the custody of the Sheriff pending the

preparation of the presentence report and sentencing, County Court admonished defendant that if he was charged with any additional crimes while in jail, the court would not be bound by the sentence agreement and could impose any lawful sentence up to and including the maximum of 15 years. Prior to sentencing, defendant escaped and, upon his arrest, was charged with escape in the first degree. As a result, County Court elected not to impose the agreed-upon sentence and sentenced defendant as a second felony offender to a prison term of 15 years. Defendant appeals.

We find no merit in defendant's argument that his escape *from* jail did not constitute a crime *in* jail within the scope of County Court's admonition, a claim which defendant did not raise at sentencing. Nor does the record disclose that defendant made any attempt to challenge the validity of the escape charge or deny his involvement in the escape and, therefore, no further inquiry was required pursuant to *People v Outley* (80 NY2d 702, 713). With regard to the denial of defendant's request for an adjournment of sentencing, adjournment is a matter left to the sound discretion of the trial court (*see, People v Alpern*, 217 AD2d 853, *lv denied* 87 NY2d 897) and the record provides no basis for defendant's claim that the denial of his request effectively closed the courtroom to the public.

We further reject defendant's claim that a psychiatric evaluation was required. When defense counsel raised an issue of defendant's competency, County Court conducted an inquiry which revealed that defendant was capable of proceeding with sentencing. With regard to defendant's challenge to his treatment as a second felony offender, we note that before the court is required to hold a hearing, a defendant must allege facts with reasonable specificity which demonstrate that the predicate felony conviction was unconstitutionally obtained (*see, People v West*, 181 AD2d 945). When provided with the opportunity to specify the basis for his challenge to the predicate felony, defendant alleged only that the sentence imposed was unlawful and did not claim that the conviction itself was unconstitutionally obtained. Accordingly, no hearing was required (*see, People v Quattlebaum*, 229 AD2d 729, *lv denied* 90 NY2d 896).

In light of the knowing and voluntary nature of defendant's plea and the sufficiency of the factual basis for the plea, defendant's unsubstantiated protestation of innocence at sentencing did not warrant further inquiry (*see, People v Davis*, 250 AD2d 939). Finally, considering defendant's lengthy criminal record, we see no abuse of discretion in County Court's imposition of the harshest possible sentence.

Cardona, P. J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.