■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND M. McINTYRE, Appellant. [846 NYS2d 707]—

Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered July 28, 2006, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

On February 22, 2006, defendant waived indictment and pleaded guilty to criminal possession of a controlled substance in the third degree as charged in a superior court information. Under the terms of the plea agreement, he was to be sentenced as second felony offender to six years in prison, to be followed by three years of postrelease supervision. Although defendant was initially to be sentenced on April 20, 2006, sentencing was adjourned until August 25, 2006 to provide him the opportunity to care for his wife during her high risk pregnancy. On July 26, 2006, however, following a report of domestic violence, County Court reconvened the proceedings. During the proceedings, it was revealed that defendant's wife had given birth 11 days earlier and that she and the baby were residing in a domestic violence shelter. Consequently, County Court sentenced defendant in accordance with the plea agreement. Defendant appeals.

The adjournment of sentencing is a matter left to the discretion of the trial court (*see People v Schnackenberg*, 269 AD2d 618, 619 [2000], *lv denied* 94 NY2d 925 [2000]; *People v Alpern*, 217 AD2d 853, 855 [1995], *lv denied* 87 NY2d 897 [1995]; *see also* CPL 380.30 [3]). We find no merit to defendant's contention that County Court abused its discretion in accelerating his sentencing date given that the reason for the adjournment no longer existed at the time the proceedings were reconvened. Inasmuch as defendant received the sentence agreed to as part of the plea, we find no reason to disturb the judgment of conviction.

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.