OPINION OF THE COURT
Memorandum.
The order of Appellate Division should be affirmed.
At one point during the trial, defense counsel asked the People’s witness to reveal the name of the informant who had arranged the cocaine sale and later gave the police the information which led to defendant’s arrest (see People v Goggins, 34 NY2d 163, cert den 419 US 1012). The informant’s identity was not disclosed, however, because the Trial Judge sustained the District Attorney’s prompt objection to the question. Since the District Attorney was obviously unwilling to permit the witness to disclose the informant’s identity, it was incumbent upon defendant to seek a judicial ruling on the question if he believed that disclosure would be helpful to his case. Having failed to request such a ruling at any point during the course of the trial, defendant is now precluded from raising the issue in this court as a potential ground for reversal (CPL 470.35, subd 1; 470.05, subd 2).
*953 Defendant’s further contention that the conviction should be reversed because of certain of the prosecutor’s summation remarks is similarly without merit. The Trial Judge ultimately sustained defense counsel’s objection to the District Attorney’s comments and directed the District Attorney to refrain from making further statements on the same subject. Defense counsel did not request any curative instruction or move for a mistrial on the basis of the remarks that were made before the Trial Judge’s ruling. Hence, no error of law was preserved for appellate review.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.