■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DURRANT KONG, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harris, J.), rendered September 7, 1984, convicting him of burglary in the third degree and grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the instant trial, the defendant offered, *inter alia,* testimony from two friends as character witnesses. These two character witnesses testified on direct examination that they

and the defendant belonged to the same social club, which one of the witnesses stated was called the "Jamaica Social Club". On cross-examination of these witnesses, and during summation, the prosecutrix referred to the fact that these two witnesses and the defendant belonged to the same "Jamaican Social Club", and "Jamaican organization". The defendant contends that the prosecutrix's conduct in this regard deprived him of a fair trial. We disagree.

Initially, it must be noted that this argument has not been preserved for appellate review (CPL 470.05 [2]; *People v Thomas*, 50 NY2d 467). Nor is reversal warranted in the interest of justice. The prosecutrix did not engage in an improper "thematic reference to * * * race" *(see, People v Thomas*, 129 AD2d 596, 597; *see also, People v Ashwal*, 39 NY2d 105), but rather simply focused, to a limited extent, on matters covered by the defense during its direct examination of these witnesses.

The defendant also argues that the court committed reversible error by giving an unbalanced charge concerning the issue of interested witnesses. We disagree. Again, the defendant's contention has not been preserved for appellate review (CPL 470.05 [2]). In any event, a review of the court's charge indicates that it properly advised the jury that they might consider the interest of any witness *(People v Reyes*, 118 AD2d 666, *lv denied* 67 NY2d 1056).

Finally, we have examined defendant's remaining argument regarding the alleged excessiveness of his sentence, and find it to be without merit *(People v Suitte*, 90 AD2d 80). Mangano, J. P., Niehoff, Spatt and Harwood, JJ., concur.