■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ERIC CARLOS, Appellant

With regard to the defendant's conviction under indictment No. 5753/85, the defendant's claim that the closure of the courtroom during the court's charge to the jury deprived him of his right to a public trial has not been preserved for appellate review and, in any event, it is without merit. As recently stated by the Court of Appeals, "it cannot be said to be an unreasonable limitation on public access—after inviting all those present to remain—to lock the doors so that the charge may be conveyed without disruption" *(People v Colon,* 71 NY2d 410, 417).

The defendant's claims that he was prejudiced by the prosecutor's comments during summation have not been properly preserved for our review *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951; *People v Santiago,* 52 NY2d 865). In any event, in light of the overwhelming proof of guilt and the court's repeated instructions to the jury, any prejudice suffered by the defendant was harmless, and did not deprive him of a fair trial *(see, People v Crimmins,* 36 NY2d 230).

Furthermore, inasmuch as the defendant failed to move to withdraw his pleas under indictments Nos. 5613/85 and 5715/85, he has failed to preserve for appellate review any challenge to their sufficiency *(see, People v Pellegrino,* 60 NY2d 636; *People v Smith,* 121 AD2d 410). In any event, a review of the minutes of the plea proceedings reveals that the defendant knowingly, intelligently, and voluntarily pleaded guilty to both charges *(see, Boykin v Alabama,* 395 US 238; *People v Harris,* 61 NY2d 9), and that the defendant's allocutions established the requisite elements of the crimes of robbery in the third degree and attempted robbery in the second degree. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.