■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP GIBBS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered July 23, 1986, convicting him of attempted robbery in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant bases his appeal on two grounds. He alleges that the People failed to prove his guilt beyond a reasonable doubt and further claims that he was denied his due process right to a fair trial by virtue, inter alia, of specific instances of prosecutorial misconduct and the court's refusal to instruct the jury that the complainant was an interested witness.

Viewing the evidence adduced at trial in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant claims that the prosecutor improperly bolstered the complainant's testimony by using prior consistent statements (see, People v Davis, 44 NY2d 269). However, the defendant suffered no harm from those comments which were properly preserved for review because the court sustained the defense's objections before any prejudicial prior consistent statements could be elicited. Moreover, in some instances the court rendered curative instructions.

The defense has also attributed prejudicial error to certain of the prosecutor's remarks on summation. Of those properly preserved for appellate review *(see, People v Medina,* 53 NY2d 951), none substantially prejudiced the defendant's trial or exceeded the bounds of permissible rhetorical comment *(People v Galloway,* 54 NY2d 396).

Finally, we note that the complainant was not an interested witness as a matter of law or under the facts of this case and the defendant's assignment of error to the court's refusal to give such a charge is meritless. Mollen, P. J., Kunzeman, Rubin and Eiber, JJ., concur.