■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BARLOW, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Finnegan, J.), rendered May 21, 1986, convicting him of robbery in the second degree (two counts) and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecutor improperly used peremptory challenges to exclude prospective black jurors (see, Batson v Kentucky, 476 US 79). However, having examined the circumstances here, we agree with the trial court that the defendant failed to establish any evidence of systematic exclusion. The court discerned nothing in the prosecutor's questions and remarks during voir dire to suggest a discriminatory purpose (see, Batson v Kentucky, supra, at 96) and noted that three black jurors had been seated in the first round of jury selection and ultimately heard the case.

We also find that the showup identification was proper (see, People v Love, 57 NY2d 1023, 1024). Furthermore, there was

an independent basis for the complainant's in-court identification as he observed the defendant in a well-lit subway car during the perpetration of these crimes *(see, People v Adams,* 53 NY2d 241; *People v Rivera,* 108 AD2d 935).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The sentence imposed was not excessive, and there is no basis in the record for modification *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or lacking in merit. Lawrence, J. P., Rubin, Eiber and Balletta, JJ., concur.