■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HARLEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Monserrate, J.), rendered December 18, 1985, convicting him of assault in the second degree, criminal trespass in the second degree, criminal possession of a weapon in the fourth degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. With respect to the defendant's conviction of assault in the second degree (Penal Law § 120.05 [4]), the victim of the shooting, Joanne Ruiz, testified that the defendant, while intoxicated, fired a long rifle three times inside a residential dwelling on the afternoon of October 26, 1984, in close proximity to her. She testified further that defendant loaded the weapon himself, slid the bolt of the rifle back several times prior to firing it, and laughed prior to firing the second shot into the bedroom rug, stating that his purpose in firing the gun was to see if he had used the correct bullets. Immediately thereafter, he fired a third shot which struck and seriously injured Ruiz. Thus, there was ample evidence from which the trier of fact could reasonably conclude that the defendant was aware of and consciously disregarded a substantial and unjustifiable risk that his action would result in injury to the victim (see, Penal Law § 15.05 [3]).

The defendant's claim regarding the propriety of the supplemental jury instructions is unpreserved for appellate review (see, CPL 470.05 [2]; People v Medina, 53 NY2d 951), and, in any event, is without merit (see, People v Licitra, 47 NY2d 554, 557). Mollen, P. J., Thompson, Kunzeman and Rubin, JJ., concur.