■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH TINSLEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered May 29, 1985, convicting him of rape in the first degree, robbery in the first degree, aggravated sexual abuse, robbery in the second degree (two counts), assault in the second degree (three counts), criminal possession of a weapon in the third degree (two counts), unlawful imprisonment in the second degree and harassment, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant challenges the testimony of two prosecution witnesses on the basis that it improperly bolstered the complainant's out-of-court identification of the defendant in violation of *People v Trowbridge* (305 NY 471). The defense counsel registered no objection to the challenged testimony of one of the witnesses and, thus, the claimed error is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Love,* 57 NY2d 1023, 1025). The defendant's second claim of improper bolstering is also unpreserved for appellate review. The trial court sustained defense counsel's objection and instructed the jury to disregard the witness's testimony concerning the complainant's identification of the defendant. The defense counsel did not request any further curative instructions or move for a mistrial on the basis of this testimony. Thus, no error of law was preserved for our review *(see, People v Medina,* 53 NY2d 951, 953; *People v Shaw,* 150 AD2d 626). In any event, any error in the admission of such improper bolstering testimony must be deemed harmless in light of the complainant's recognition of the defendant from several encounters with him prior to the date of the crimes in question and the ample opportunity she had to observe the defendant during the

commission of the crime itself *(see, People v Johnson,* 57 NY2d 969; *People v Perez,* 150 AD2d 733). The strength of the identification evidence precluded any significant probability that the jury would have acquitted the defendant had it not been for the bolstering errors *(see, People v Johnson, supra; People v Mobley,* 56 NY2d 584; *People v Crimmins,* 36 NY2d 230, 242).

The defendant's further argument that the trial court committed reversible error by delivering an unbalanced charge concerning the issue of interested witnesses has not been preserved for appellate review (CPL 470.05 [2]; *People v Kong,* 131 AD2d 783). Nor is reversal warranted in the interest of justice as the charge reveals that the trial court properly instructed the jury that they could consider the interest of any witness *(see, People v Kong, supra,* at 784; *People v Reyes,* 118 AD2d 666). Mangano, J. P., Thompson, Kunzeman and Rubin, JJ., concur.