◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS LIBERATORE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered July 24, 1987, convicting him of attempted assault in the first degree (two counts), reckless endangerment in the first degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

To the extent the issue has been preserved for our review, we find unpersuasive the defendant's claim that the trial court erred in permitting jurors to take notes of the testimony presented. Inasmuch as the court provided complete, thorough, and accurate cautionary instructions on the subject, the note taking was permissible *(see, People v Valenti,* 163 AD2d 441; *People v Tucker,* 153 AD2d 164; *People v DiLuca,* 85 AD2d 439).

Similarly unavailing is the defendant's claim that he was denied a fair trial by reason of the admission of the evidence of uncharged crimes at the trial. The record demonstrates that the court held a *Ventimiglia* hearing *(see, People v*

*Ventimiglia,* 52 NY2d 350) at which evidence of the following uncharged crimes was presented: (1) a burglary and theft of shotguns by the defendant from a home where the defendant had previously resided, (2) the defendant's escape from a police station in January 1986, (3) his theft and possession of a Ford Tempo automobile, and (4) his robbery, with a shotgun, at a liquor store. All of the uncharged crimes occurred in Connecticut in close temporal proximity to each other and to the crimes with which he was charged in this case. After a careful weighing of the probative value of this proffered evidence against its potentially prejudicial effect, the court held the evidence of uncharged crimes admissible. The court acted properly. The challenged evidence was highly probative on the issues of intent and motive with regard to the charged offenses *(see, People v Allweiss,* 48 NY2d 40; *People v Molineux,* 168 NY 264), and thus was directly related to and inextricably interwoven with evidence directly probative of the defendant's guilt *(see, People v Ely,* 68 NY2d 520). Further, it provided important background information, and its probative value outweighed its potential for prejudice *(see, People v Ventimiglia, supra).*

The defendant further contends that the court improperly permitted his former girlfriend to testify that he disliked police officers and other authority figures who had the ability to deprive him of his freedom, and that he had said that the next time he was involved with the law, "they were not going to take him alive or it wasn't going to be easy". While this testimony certainly was prejudicial, it was also relevant and highly probative of the defendant's intent in discharging a shotgun at two police officers and constituted an important portion of the narrative of events leading up to the commission of the charged offenses. In any event, any claimed error in the admission of the testimony was harmless since the defendant was acquitted of the charges of attempted murder in the first degree on which the testimony was offered, and his conviction on the other charges was supported by overwhelming evidence of his guilt *(see, People v Crimmins,* 36 NY2d 230). Additionally, we agree that the trial court erred in permitting police officers to give bolstering hearsay testimony concerning conversations with witnesses and the fact that these conversations led to the defendant's arrest *(see, People v Holt,* 67 NY2d 819). However, the error was clearly harmless under the circumstances of this case.

We have examined the defendant's remaining contentions and find them either to be unpreserved for appellate review or

without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.