■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARDO WEHBE, Appellant.—Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered January 6, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of imprisonment of from 4½ to 9 years, unanimously affirmed.

Defendant was convicted after an undercover buy-and-bust operation. On appeal, defendant contends that the prosecutor's improper cross-examination of defendant and argument in summation deprived defendant of a fair trial. None of these contentions is preserved for appellate review as a matter of law, either due to defendant's failure to object, or because

the particular basis for the claims now raised was not advanced below; the general objections were ultimately sustained, and no additional relief was sought *(People v Medina,* 53 NY2d 951, 953).

In any event, the prosecutor who referred to the testimony of the undercover officer during the cross-examination of defendant did not challenge the defendant to express an opinion regarding the witness's veracity. Nor did the prosecutor violate the court's *Sandoval* ruling. The limited questioning of defendant concerning his knowledge of drug trafficking in general clearly did not suggest that defendant had a propensity to commit narcotics offenses. The prosecutor's reference to defendant in summation as a streetwise convicted felon was unfair comment since it constituted criminal propensity. The error, however, was not preserved and we decline to reach it in the interest of justice. We also find, in any event, that the error was harmless. Concur—Murphy, P. J., Kupferman, Sullivan, Wallach and Rubin, JJ.