◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH HAWTHORNE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered March 14, 1989, convicting him of robbery in the second degree and robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to establish a prima facie case that the prosecutor's peremptory challenges were employed for a discriminatory purpose *(see, Batson v Kentucky,* 476 US 79, 96; *People v Scott,* 70 NY2d 420; *People v Gallagher,* 158 AD2d 469; *People v Liguori,* 149 AD2d 624, 625; *People v Barlow,* 148 AD2d 739; *People v Malbon,* 144 AD2d 698). In any event, the prosecutor promptly set forth race-neutral explanations for the peremptory challenges in question.

The defendant's claim that the testimony of the arresting officer improperly bolstered the complainant's out-of-court identification of the defendant in violation of *People v Trowbridge* (305 NY 471) is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951, 953; *People v Tinsley,* 159 AD2d 602). The trial court sustained defense counsel's objection and instructed the jury to disregard the

officer's testimony concerning the complainant's identification of the defendant. Defense counsel thereafter did not request any further curative instructions or move for a mistrial. In any event, any error in the admission of such bolstering testimony must be deemed harmless in light of the ample opportunity which the complainant had to observe the defendant during the commission of the crime (see, People v Johnson, 57 NY2d 969, 970-971; People v Crimmins, 36 NY2d 230, 241-242; People v Gannaway, 170 AD2d 529; People v Liberatore, 167 AD2d 425; People v Tinsley, supra, at 602). The strength of the complainant's identification evidence precluded any significant probability that the jury would have acquitted the defendant had it not been for the bolstering errors (see, People v Johnson, supra; People v Mobley, 56 NY2d 584; People v Crimmins, supra; People v Tinsley, supra, at 603).

We also find that the statements made by the prosecutor during summation which the defendant contends constituted prosecutorial misconduct were either proper responses to the defense summation (see, People v Anderson, 154 AD2d 607, 608; People v Sykes, 151 AD2d 523, 524), or properly cured by appropriate curative instructions (see, People v Medina, supra, at 953; People v Johnson, 154 AD2d 618, 619), and thus the issue of their propriety is not preserved for appellate review due to defense counsel's acquiescence in the curative instructions given by the court (see, People v Medina, supra, at 953).

We have considered the defendant's remaining contentions and find them to be without merit. Kooper, J. P., Sullivan, Lawrence and Rosenblatt, JJ., concur.