■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY BERKOWITZ, Appellant.—Judgment, Supreme Court, New York County (Bernard H. Jackson, J.), rendered October 18, 1990, convicting defendant, after a jury trial, of eight counts of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 1¾ to 3½ years, unanimously affirmed.

Evidence at trial established that defendant was arrested when a court officer found eight stolen credit cards, and various other stolen personal property, in defendant's pockets and possessions during a routine security check at the Manhattan Criminal Court Building. Defendant told the officer that although he did not steal the property, he knew he possessed stolen credit cards and had not yet found the opportunity to use them.

The owner of the property testified that her pocketbook, containing the credit cards and other personal property recovered from defendant, had been taken from its place at her feet as she dined at a Manhattan restaurant three days before defendant's arrest herein. Although the complainant did not see anyone take her pocketbook, she assumed it was stolen and immediately reported the credit cards as stolen.

Defendant called no witnesses, but defense counsel vigorously cross-examined the complainant, eliciting laughter from the jury with questions suggesting, for example, that "a cat, a dog, a mouse" could have carried off the complainant's pocketbook if, indeed, she had one at the time in question.

Urging the jury to consider seriously his fanciful cross-examination of the complainant in finding reasonable doubt, defense counsel's summation suggested that the testimony revealed a reasonable likelihood that the complainant's pocketbook was lost, rather than stolen, and that defendant did not know the property in question was stolen.

In these circumstances, the bulk of the prosecutor's summa-

tion comments, essentially urging the jury to disregard defense counsel's distracting attempts at humor, and instead to concentrate on the evidence presented, draw reasonable inferences therefrom and avoid speculation, constituted appropriate response to the defense summation *(see, e.g., People v Marks,* 6 NY2d 67, *cert denied* 362 US 912), and fair comment on the evidence, presented within the broad bounds of rhetorical comment permissible in closing argument *(see, People v Galloway,* 54 NY2d 396). The overwhelming nature of the evidence against defendant renders any error that may have occurred harmless *(see, People v Crimmins,* 36 NY2d 230, 243). Concur—Carro, J. P., Rosenberger, Kupferman, Kassal and Smith, JJ.