■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BLOUNT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered March 21, 1991, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the evidence was not legally sufficient to support his conviction because he was not sufficiently identified as one of the victim's three attackers and that discrepancies in the evidence rendered the verdict against the weight of the evidence. However, the People presented testimony from the victim, who had a familiarity with the defendant, who testified to the details of the crime and identified the defendant as one of his knife-wielding attackers. Further, certain comments made by the defendant to the victim when he was arrested several weeks after the attack indicated he had knowledge of the crime. Therefore, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Further, any discrepancies in the evidence merely presented issues of credibility and the weight to be accorded the evidence. Resolution of issues of credibility, as

well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the evidence (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant also asserts that several comments made by the prosecutor during his opening and summation constituted misconduct. However, of those contentions properly preserved for appellate review (see, CPL 470.05 [2]; People v Medina, 53 NY2d 951) none substantially prejudiced the defendant's trial or exceeded the bounds of permissible rhetorical comment (see, People v Galloway, 54 NY2d 396; People v Ashwal, 39 NY2d 105). Eiber, J. P., Ritter, Pizzuto and Santucci, JJ., concur.