■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANE DAMELIO, Appellant. [629 NYS2d 227] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered September 9, 1993, convicting defendant, after a jury trial, of two counts of assault in the second degree, two counts of vehicular assault in the second degree, three counts of assault in the third degree, and operating a motor vehicle under the influence of alcohol, and sentencing her to two terms of $1^1/2$ to $4^1/2$ years on the assault in the second degree convictions, and to a one-year prison term on each of the other convictions, all sentences to run concurrently, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference (*People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt was proven beyond a reasonable doubt by legally sufficient evidence, and upon an independent review of the facts, the verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490).

The issue of whether defendant was intoxicated while operating a motor vehicle was properly placed before the jury, and we find no reason to disturb its determination. Nor was defendant deprived of a fair trial by the presence in the courtroom of members of the victims' families, since family members of both defendant and the victims had been in the courtroom previously during the trial. Defendant's claim that the sympathy thereby aroused was compounded by the prosecutor's summation comment that one of the victims was so seriously injured that she had to wear diapers, was the subject of an immediate curative instruction to which no further objection was made (*see, People v Medina*, 53 NY2d 951, 953). In view of the overwhelming evidence of defendant's guilt, we find such error, if any, to have been harmless (*People v Berkowitz*, 182

AD2d 536, 537, *lv denied* 80 NY2d 973). We have considered defendant's remaining argument and find it to be unpreserved and without merit. Concur—Rosenberger, J. P., Kupferman, Asch, Nardelli and Mazzarelli, JJ.