■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE NICKERSON, Appellant. [650 NYS2d 206] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered June 21, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of $4^1/2$ to 9 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the People (*People v Contes*, 60 NY2d 620, 621), it was legally sufficient to establish beyond a reasonable doubt that defendant committed the crimes charged, and the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Evidence that a beeper was found in the codefendant's possession was properly admitted to establish the intent of both defendants to sell, since they were charged with having acted in concert and were allegedly engaged in the drug enterprise together (*see, People v Marte*, 207 AD2d 314, 316, *lv denied* 84 NY2d 937; *People v Miller*, 166 AD2d 343).

The court properly sustained the prosecutor's objection to those comments of defense counsel that did not pertain to factual matters within the four corners of the evidence bearing upon any legitimate issues in the case (*People v Ashwal*, 39 NY2d 105, 109). Most of defendant's current challenges to the comments of the prosecutor during her summation have not been preserved for appellate review since the court sustained defense counsel's objections and counsel did not request curative instructions or move for a mistrial (CPL 470.05 [2]; *People v Medina*, 53 NY2d 951). With respect to those comments as to which defendant's contentions are preserved, they did not serve to deprive defendant of a fair trial. Concur—Sullivan, J. P., Rosenberger, Rubin, Ross and Mazzarelli, JJ.