THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON CORDERO, Appellant. [687 NYS2d 89] —Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), rendered

July 2, 1996, convicting defendant, after a jury trial, of burglary in the first degree and unlawful imprisonment in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 8 to 16 years and 1 year, respectively, unanimously affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion made on the ground of the prosecutor's brief elicitation of evidence of defendant's drug possession. The court's curative instructions were sufficient to prevent any prejudice (*see, People v Santiago*, 52 NY2d 865). With respect to uncharged crimes evidence that was blurted out by witnesses, defendant requested no other relief after the court struck the offending testimony, or after defendant withdrew his motion to strike. Therefore, defendant failed to preserve his present claims regarding this evidence (*see, People v Medina*, 53 NY2d 951, 953), and we decline to review them in the interest of justice. Were we to review these claims, we would find that these brief and vague references to uncharged crimes could not have deprived defendant of a fair trial.

Since defense counsel did not request a sanction for the People's alleged *Rosario* violation, or object to testimony and summation comments he now claims to have been improper in view of such violation, these issues are unpreserved (*People v Rogelio*, 79 NY2d 843), and we decline to review them in the interest of justice. Were we to review this claim, we would find no resultant prejudice.

Statements of an intimidating nature made by defendant to the complainant from prison were properly admitted.

We perceive no abuse of sentencing discretion. Concur— Nardelli, J. P., Lerner, Mazzarelli and Saxe, JJ.