■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBERTO REYES, Appellant. [706 NYS2d 19] —Judgment, Su-

preme Court, New York County (Renee White, J.), rendered September 18, 1997, convicting defendant, after a jury trial, of robbery in the first degree (two counts), robbery in the second degree and assault in the first degree, and sentencing him to concurrent terms of 10 to 20 years on the first-degree robbery convictions and 7½ to 15 years on each of the remaining convictions, unanimously modified, on the law, to the extent of reducing the sentences on the convictions for robbery in the second degree and assault in the first degree counts to 5 to 15 years, and otherwise affirmed.

To the extent that the existing record permits review, we reject defendant's ineffective assistance claim because it concerns the advice rendered by defendant's original attorney before and during an investigatory interview of defendant by the prosecutor, whereas "the State is not charged with the responsibility of guaranteeing effective legal representation upon the entry of counsel at the preaccusatory, investigatory stage of a criminal matter, i.e., before the commencement of formal adversarial judicial criminal proceedings" (*People v Claudio*, 83 NY2d 76, 78).

The attorney who represented defendant at the preaccusatory stage was properly called as a People's witness concerning nonprivileged matters. Defendant did not meet his burden of establishing that the attorney's testimony also revealed privileged communications (*see, People v Osorio*, 75 NY2d 80, 84-86).

Since defense counsel failed to object to the complainant's testimony concerning a phone call and threats, and since the court struck all testimony concerning photo identifications, and defendant requested no further relief, these issues have not been preserved for appellate review (*People v Medina*, 53 NY2d 951; *People v Hickman*, 243 AD2d 336, *lv denied* 91 NY2d 892), and we decline to review in the interest of justice. Were we to review such claims, we would find that the testimony concerning the phone call and threats was relevant to the complainant's credibility within the context of the issues raised at trial (*People v Hickman, supra; see also, People v Leonardo*, 268 AD2d 263), and that the stricken testimony caused no prejudice.

As the People correctly concede, since defendant was not a second felony offender, his sentence on the robbery in the second degree and assault in the first degree convictions must be reduced so that the minimum sentence is one-third the maximum. Concur—Rosenberger, J. P., Williams, Tom and Andrias, JJ.