■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JOHNSTONE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered January 2, 1986, convicting him of robbery in the third degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arises from his theft of several packages of meat from a Fine Fare Supermarket. The evidence adduced at the trial reveals that the complainant, the store manager, who suspected the defendant of the larceny, confronted the defendant in the area between the store's exterior and interior doors. After a brief exchange, the defendant knocked the complainant to the ground, causing him to sustain injuries to his right hand and elbow. The defendant then fled from the store, pursued by the complainant and his fellow employees. In an effort to thwart his capture, the defendant hurled packages of meat in the path of his pursuers as they closed in on him. The complainant was struck in the face by one of these projectiles.

On appeal, the defendant argues that his guilt of robbery in the third degree was not established as a matter of law, asserting that his use of force was not sufficiently proximate

in time to his original taking of the meat so as to prevent or overcome "resistance to the taking of the property or to the retention thereof immediately after the taking" (Penal Law § 160.00 [1]). We disagree. Upon these facts, the jury was clearly entitled to find that the temporal requirement of the statute was satisfied (see, People v Dekle, 83 AD2d 522, affd 56 NY2d 835).

Similarly unavailing is the defendant's claim that the trial court erroneously denied his motion to preclude the People from admitting into evidence the hospital records relating to the injuries sustained by the complainant because they had not been timely disclosed. The refusal to impose "the extreme sanction of preclusion [which] is warranted only where undue prejudice will result from the failure to [timely] produce" (People v Kehn, 109 AD2d 912, 914, citing People v Brown, 104 Misc 2d 157, 163-165; see, CPL 240.70 [1]), was within the court's sound discretion (see, People v Kelly, 62 NY2d 516, 521). The prosecutor's explanation of the failure to timely disclose the documents evidenced the good-faith efforts which had been made to ascertain the existence of the records (see, CPL 240.20 [1] [c]; [2]), and the defendant has not demonstrated any prejudice to him as a result of their admission into evidence since there was testimony adduced concerning the physical force used by the defendant against the victim, in addition to the hospital record.

While several of the prosecutor's statements during his summation were improper inasmuch as they tended to advise the jury as to the applicable law, a function reserved exclusively for the Trial Judge (see, People v Robinson, 83 AD2d 887), they do not warrant reversal.

We have examined the defendant's remaining contentions, including those raised in his pro se "reply" brief, and find them to be without merit. Mangano, J. P., Niehoff, Spatt and Harwood, JJ., concur.