THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILEY, Appellant. [625 NYS2d 987] —Judgment unanimously affirmed. Memorandum: Defendant contends that his threatened use of force was not sufficiently proximate in time to his taking of property to constitute threatening the immediate use of physical force upon another person for the purpose of retaining property "immediately after the taking" (Penal Law § 160.00 [1]). We disagree *(see, People v Dekle,* 83 AD2d 522, *affd* 56 NY2d 835; *People v Johnstone,* 131 AD2d 782, *lv denied* 70 NY2d 800). Defendant's sentence is neither unduly harsh nor severe. Defendant's remaining contention is unpreserved *(see,* CPL 470.05 [2]), and we decline to address it as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Ontario County Court, Harvey, J.—Robbery, 1st Degree.) Present—Green, J. P., Pine, Callahan, Doerr and Boehm, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE RICHARDSON, Appellant. [625 NYS2d 987] —Judgment unanimously affirmed *(see, People v Allen,* 82 NY2d 761, 763). (Appeal from Judgment of Erie County Court, D'Amico, J.— Burglary, 3rd Degree.) Present—Green, J. P., Pine, Callahan, Doerr and Boehm, JJ.