**Michael FARRINGTON, Petitioner,**

v.

**Daniel SENKOWSKI, Superintendent, Clinton Correctional Facility, Dannemora, New York, Respondent.**

**No. 97 Civ. 4014 BDP.**

United States District Court,
S.D. New York.

Sept. 11, 1998.

---

7. 815 F.Supp. 241 (N.D.Ill.1992).

Domenick J. Porco, Scarsdale, NY, for Petitioner.

Westchester County D.A., White Plains, NY, for Respondent.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

### INTRODUCTION

Petitioner Michael Farrington pursuant to 28 U.S.C. § 2254, challenges the constitutionality of his conviction in Westchester County Court on March 26, 1993 for felony murder, and two counts of attempted robbery. Petitioner contends, in essence, that his Sixth Amendment rights were violated due to ineffective assistance of counsel and that his right to due process was violated by an improper jury instruction and by improper statements by the prosecutor in his summation.

After obtaining new counsel, Petitioner both appealed and moved the trial court to vacate his conviction on the ground of ineffective assistance of counsel. After the trial court denied petitioner's motion for vacatur, the Appellate Division, Second Department, granted permission to appeal the denial of vacatur and to consolidate that appeal with the petitioner's pending appeal on the merits. On March 11, 1996, the Appellate Division affirmed both the judgment of conviction and the order denying vacatur. The New York Court of Appeals then denied leave to appeal. Petitioner timely filed his habeas petition in July 1997.

### BACKGROUND

In the early morning hours of July 16, 1991, seventeen-year-old Michael Farrington and a group of teenage friends were smoking

marijuana and drinking beer in a park in Mt. Vernon, New York. One of the group, Anthony Burts, had a gun with him, which he displayed to the others. The group discussed robbing a restaurant, but decided to steal a car instead. They then left the park to retrieve a screwdriver from the home of Kenya Forrester, another member of the group.

As they walked, they saw an unoccupied car with its engine idling in front of Forrester's house. The car belonged to Joseph Hanna, who was delivering newspapers. Normond Gainey, the fourth member of the group, directed Forrester to enter the vehicle, but he refused because they were in front of his house. Gainey then told Farrington to get in the car, which, after some initial hesitation, he did.

Farrington drove the vehicle a short distance in Hanna's direction and then attempted to make a U-turn so as not to drive past Hanna. Hanna saw Farrington in the car, ran to the driver's side of the vehicle, reached into the car, and began struggling with Farrington. Hanna attempted to pull Farrington out of the window. Farrington attempted to drive away, but Hanna prevented his doing so and repeatedly attempted to place the gear shift into park and to remove the keys from the ignition. From across the street, Burts witnessed the struggle, took out his gun, and fired a shot. Gainey then took the gun from Burts, ran across the street, and fired a single shot at Hanna, mortally wounding him. The four teenagers then fled on foot.

The facts stated above are undisputed. Accounts differ, however, as to Farrington's exact words to Hanna during the struggle. A few days after the incident, Forrester gave a videotaped statement in which he claimed that Farrington told Hanna, "You better let me get out the car and let me leave" and then, while Hanna continued to grab Farrington, "If you don't let me go my boys will come over and kill you." The portion of the videotape containing this statement was not introduced at trial; nor did defense counsel make any reference to Forrester's videotaped statement. At trial, nearly two years later, Forrester, who was not tried, testified that Farrington, "like told the man to get away from the car before his boys come over here and kill him." In his trial testimony, Forrester did not recount Farrington's statement to Hanna that "You better let me get out the car and let me leave." In a videotaped confession that was introduced at trial, Farrington stated that his only intention was to take the unoccupied car, and that he did not know or expect that his friends would intervene.

## DISCUSSION

### Ineffective Assistance of Counsel

■ Farrington first contends that the Sixth Amendment was violated because his counsel failed to introduce Forrester's videotaped statement and, moreover, failed to highlight the discrepancy between that videotaped statement and Forrester's trial testimony. Farrington argues that Forrester's videotaped statement would have established that Farrington did not use force to retain the automobile and therefore could not be guilty of attempted robbery.[1]

■ To establish ineffective assistance of counsel, a petitioner must meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner must show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and also that counsel's deficient performance actually prejudiced the defense so as to deprive the defendant of a fair trial. *Id.* 466 U.S. at 687–88, 104 S.Ct. 2052; *United States v. Cronic*, 466 U.S. 648, 657–58, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). In order to show prejudice, there must be a reasonable

---

1. In order to be guilty of attempted robbery, a defendant's "conscious objective" in using or threatening to use physical force after the taking must be to prevent or overcome resistance to defendant's retention of the property immediately after the taking. *People v. Smith*, 79 N.Y.2d 309, 312, 582 N.Y.S.2d 946, 591 N.E.2d 1132 (1992). Thus, if Farrington did not use force to retain the property and instead was only attempting to escape, he could not have committed robbery.

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 669, 104 S.Ct. 2052.

■ The fact that counsel is prepared and familiar with the relevant facts and legal principles is usually sufficient to defeat a claim that trial counsel was ineffective. *United States v. DiPaolo,* 804 F.2d 225, 234 (2d Cir.1986). In addition, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable...." *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052. Finally, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

Farrington's trial attorney, Richard Ross, has submitted an affidavit stating that he did not introduce evidence of Forrester's videotaped statement because he thought the statement would be inculpatory as well as exculpatory. Trial counsel's recollection of the statement is that Forrester stated that Farrington had told Hanna "you better let me leave this car or my friends will come over and kill you." This statement, in trial counsel's view, evidenced Farrington's desire to leave the car, but it also communicated a threat of force, which trial counsel believed could be very prejudicial to Farrington.

When Ross interviewed Forrester prior to trial, Forrester denied that Farrington had ever told Hanna that unless he moved away from the car Farrington's friends would kill him. At trial, however, Forrester testified that Farrington had told Hanna "to get away from the car before his boys come over here and kill him." Ross cross-examined Forrester on this testimony, exposing the inconsistency between Forrester's trial testimony and the account he provided Ross during the pre-trial interview. Ross did not refer to, or introduce, Forrester's videotaped interview statement because Ross "perceived no distinction" between Forrester's trial testimony and his videotaped statement. Thus, Ross concluded that the best way to impeach Forrester and to help his client was to refer to his pre-trial interview with Forrester, rather than Forrester's videotaped statement.

Ross also indicated that he did not become aware of the difference between Forrester's videotaped statement and his trial testimony until long after trial.

Based on the Court's review of the trial transcript, including Forrester's videotaped statement, the Court concludes that trial counsel's failure to introduce Forrester's videotaped statement or to highlight the purported inconsistency between that videotaped statement and Forrester's trial testimony was not an omission sufficient to amount to ineffective assistance of counsel. Rather, trial counsel made a strategic decision based on his assessment of the evidence. *See Strickland,* 466 U.S. at 690–691, 104 S.Ct. 2052.

Even assuming, *arguendo,* that trial counsel's failure to admit Forrester's videotaped statement fell below an objective standard of reasonable professional conduct, this Court cannot conclude that the videotaped statement would have caused the jury to decide the case differently. The differences between Forrester's videotaped statement and his trial testimony are nuanced and are not so glaring as to suggest that the introduction of the tape would have produced a different result. The evidence presented at trial established that Farrington struggled with Hanna while Farrington occupied Hanna's vehicle and attempted to drive it away. At no time during the struggle did Farrington abandon the automobile.

Moreover, although trial counsel did not specifically refer to Forrester's videotaped statement, counsel did call into question the veracity of Forrester's trial testimony by highlighting its divergence from the account Forrester provided in his pre-trial interview by Mr. Ross. Trial counsel also caused Forrester to admit that he had previously lied in connection with the case. Thus, Farrington's trial counsel extensively cross-examined Forrester, and strenuously attacked his credibility.

For these reasons, Farrington's claim that he was denied effective assistance of counsel by his counsel's failure to introduce Forrester's videotaped statement is denied.

*Erroneous Jury Instruction and Prosecutor's Comments*

■ Farrington also asserts that trial counsel was ineffective in violation of the Sixth Amendment by failing to object to jury instructions that improperly omitted the word "permanently" from the description of the elements of attempted robbery and attempted larceny.[2] In light of the earlier discussion of the standards that must be met for a defendant to prevail on an ineffective assistance of counsel claim, this single omission does not constitute ineffective assistance of counsel. There was ample evidence on the basis of which the jury could have concluded that Farrington intended permanently to deprive Hanna of his property.

■ Farrington also contends that his right to due process was violated by the erroneous jury instruction and by the prosecutor's comments. Both of these claims are procedurally barred. Farrington raised both claims in his appeal, and both were deemed by the New York Court of Appeals to be unpreserved.

Farrington argues that the prosecutor's statements, "Don't let anybody talk you [the jury] into compromising your integrity" and "Don't let anybody talk you into becoming a party to a misdemeanor plea bargain" were outrageous and employed carefully selected "buzz words" that inappropriately influenced the jury. These improper comments, according to Farrington, substantially prejudiced him and necessarily influenced the jury's decision. The defense attorney objected to the comments, but did not elaborate, and his objection was overruled. Nothing further was said about the objection or the alleged improper comments.

■ A state court's "adequate and independent" finding of procedural default will bar federal habeas review unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Cole-*

man v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

■ "[C]ause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier,* 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The degree of prejudice a habeas petitioner is required to show before obtaining collateral relief for alleged errors in a jury charge is "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). The miscarriage of justice exception applies where a petitioner is "actually innocent" of the crime of which he was convicted or the penalty which was imposed. *Sawyer v. Whitley,* 505 U.S. 333, 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992).

Farrington has not shown "cause" because his trial counsel was not prevented by some external impediment from raising either objection. Counsel failed to object to the jury instructions, and did not preserve his objection to the prosecutor's comments. Thus, both issues were correctly ruled unpreserved by the Appellate Division. In addition, a miscarriage of justice did not result from the erroneous jury instruction or from the prosecutor's comments because Farrington has not shown that he is "actually innocent" of the crime. *See Sawyer v. Whitley,* 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992).

*Insufficient Evidence to Convict*

■ Finally, Farrington argues that the evidence was insufficient as a matter of law to support the conviction for any offense other than attempted grand larceny in the fourth degree because the prosecution failed to show that he used physical force for the purpose of retaining the stolen property.

2. Larceny requires an intent to permanently deprive the owner of his property. Penal Law § 155.00(3). Robbery is a larceny that is accom-

plished through the use or threatened use of force. *See People v. Parker,* 96 A.D.2d 1063, 466 N.Y.S.2d 700 (2d Dept.1983).

A defendant faces an especially heavy burden in challenging a jury verdict for insufficiency of evidence. *United States v. Chang An–Lo*, 851 F.2d 547, 553 (2d Cir.1988). In considering whether the evidence offered at trial is legally sufficient to support a jury verdict, the Court should overturn the jury's verdict of guilty only "if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *United States v. Taylor*, 464 F.2d 240, 243 (2d Cir.1972) (quotations and citations omitted). If the evidence, construed most favorably to the prosecution, is sufficient to convince a rational jury of the defendant's guilt, then the conviction must stand. In this case, the evidence was clearly sufficient to support the jury's findings. The jury could have reasonably concluded that Farrington used actual physical force or the threat of deadly force to thwart Hanna's attempted recovery of the car. Farrington admitted that he struggled with Hanna, that he repeatedly tried to drive the car away, and that Hanna attempted, unsuccessfully, to remove the keys from the ignition. Farrington also threatened Hanna by saying that Farrington's friends would kill him. The evidence was sufficient for the jury to find that Farrington's use of force and threatened use of force were intended to prevent or overcome "resistance to the taking of the property or to the retention thereof immediately after the taking." Penal Law § 160.00(1); *People v. Johnstone*, 131 A.D.2d 782, 782–83, 517 N.Y.S.2d 69 (1987).

## CONCLUSION

For the reasons stated above, Farrington's petition for a writ of habeas corpus is denied. The Clerk of the Court is directed to dismiss the petition.

**SO ORDERED.**