**Charles CHISOLM, Petitioner,**

v.

**Frank HEADLEY, Supt., Arthur Kill Correctional Facility, Respondent.**

**No. 98 CIV. 4451(MBM).**

United States District Court, S.D. New York.

July 29, 1999.

---

Charles Chisolm, Staten Island, NY, pro se.

Eliot L. Spitzer, Attorney General of the State of New York, Dian Kerr McCullough, Assistant Attorney General, New York City, for Respondent.

## OPINION AND ORDER

MUKASEY, District Judge.

Charles Chisolm, presently in the custody of New York State, petitions for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions for assault in the first degree and criminal possession of a weapon in the second and third degrees. In a Report and Recommendation dated November 4, 1998 ("Report"), Magistrate Judge Andrew Peck recommended denial of the writ. Petitioner has filed timely objections to the Report. For the reasons stated below, the

Report is adopted, the writ is denied and the petition is dismissed.

## I.

The following is a summary of the relevant facts set forth more fully in the Report, familiarity with which is assumed. On March 8, 1994, a jury in Supreme Court, New York County, convicted petitioner for assault in the first degree and possession of a weapon in the second and third degrees. (Report at 4) Petitioner appealed his convictions to the Appellate Division, First Department, claiming he was unfairly prejudiced by the prosecutor's summation at trial. (*Id.* at 4–5) Petitioner argued that the prosecutor's comments during summation suggested to the jury that petitioner was a drug dealer, even though he was charged only with assault and possession of a weapon. (*Id.*) Although petitioner's counsel made several objections to these comments, which the trial court sustained, he did not request a mistrial or curative jury instruction as required by N.Y.Crim. Proc. Law § 470.05(2) to preserve the issue for appeal. (Report at 4–5) Accordingly, on appeal, the First Department affirmed petitioner's conviction on procedural grounds, holding that the challenge to the conviction had not been preserved. (*Id.* at 5) In addition, the Court held that if it were to review the merits of the claim, it "would find that the challenged remarks were fair comments, as they were arguments readily inferable from the evidence, and were in direct response to defense counsel's summation." (*Id.*) The Court of Appeals denied leave to appeal. (*Id.*)

In his current petition, filed May 12, 1998, petitioner again challenges his convictions on the ground that he was unfairly prejudiced by the prosecutor's comments during summation. (*Id.* at 1) The Magistrate Judge found the claim barred because the conviction was upheld on an "independent and adequate state ground,"—*i.e.*, the procedural bar. (*Id.* at 2) Accordingly, the Magistrate Judge recommended dismissal of the petition. (*Id.* at 2)

Petitioner filed objections to the Report on November 13, 1998. Although most of petitioner's arguments are without merit, he contends that he should not suffer for counsel's "lack of diligence and/or effectiveness" for failure to preserve his claim. (Pet. Obj. at 3 [1]) Moreover, petitioner vaguely asserts that the First Department's reference to the merits indicates that the procedural bar alone was not an "independent and adequate state ground" for dismissal of his claim. (*Id.*)

## II.

A district court reviewing a magistrate judge's report applies the standards set forth in Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1), which permit the court to adopt those parts of the report to which no specific objection is raised, provided the findings are not clearly erroneous. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). With respect to those parts of the report to which any party objects, the court must make a *de novo* determination, but a *de novo* evidentiary hearing is not required. *See United States v. Raddatz*, 447 U.S. 667, 673–76, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir.1989). In this case, petitioner objects to the findings and recommendation in the Report. Accordingly, this court must review the entire report *de novo*.

## III.

Federal habeas review of a state court judgment of conviction is generally precluded when that judgment "rests on a state law ground that is independent of the federal question and adequate to support

---

**1.** Petitioner's submission in objection to the Report is unnumbered. Page citations refer, therefore, to the pages as they would have been numbered, beginning with the caption page as page one.

the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Most relevant here, a federal court may not consider a claim if the state court "clearly and expressly stated that its judgment rests on a state procedural bar." *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (quoting *Caldwell v. Mississippi,* 472 U.S. 320, 327, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985)). The only exceptions to this rule are (1) if petitioner shows cause for the default and "prejudice attributable thereto," and (2) if he can demonstrate that failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Harris,* 489 U.S. at 262, 109 S.Ct. 1038 (citation omitted).

■■■ Here, the Magistrate Judge properly found that the state court's finding of procedural default is an "independent and adequate state ground" that precludes review by this court. Petitioner suggests this finding is incorrect because the First Department addressed the merits, and "obviously found it compelling to do so." (Pet. Obj. at 3) However, as the Magistrate Judge noted, the procedural default bar applies because the state court explicitly relied on the procedural ground as a separate basis for its decision. *See Harris,* 489 U.S. at 264 n. 10, 109 S.Ct. 1038 ("By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.")

■■■ Because a procedural default bar exists, petitioner's claim may not be reviewed unless he shows either cause and prejudice or a "fundamental miscarriage of justice." *Id.* at 262, 109 S.Ct. 1038. Petitioner's only argument in this regard is that his default resulted from his counsel's failure to preserve the claim. Petitioner

argues that his counsel's error "should in no way cause petitioner to suffer a procedural bar." (Pet. Obj. at 3) However, attorney error is "cause" only if it constitutes ineffective assistance of counsel as defined by *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Further, the exhaustion doctrine "generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier,* 477 U.S. 478, 488–89, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Here, petitioner did not present an ineffective assistance claim to the state court. Accordingly, his argument may not be reviewed by this court.[2]

\*  \*  \*  \*  \*  \*

For the reasons stated above, I find that petitioner's claim is procedurally barred. Accordingly, the Report is adopted, the writ is denied and the petition is dismissed. Because this petition presents no issue deserving of appellate review, no certificate of appealability will issue.

SO ORDERED.

## *REPORT AND RECOMMENDATION*

PECK, United States Magistrate Judge.

Petitioner Charles Chisolm seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 from his conviction for assault in the first degree and criminal possession of a weapon in the second and third degrees for the shooting of Wilkins Lopez. (Pet. ¶¶ 4, 12(A)(1); Trial Transcript ["Tr."] at 14–17.) Chisolm contends that he was denied a fair trial because of improper summation comments by the prosecutor that accused him of being a drug dealer. (Pet. ¶ 12(A)(5)-(7); Chisolm Br. at 2–6.) The trial court sustained defense counsel's objections to the prosecutor's statements in

---

2. In fact, petitioner did not raise the issue of ineffective assistance until his objections to the Report. However, a petitioner is not permitted to raise an objection to a magistrate judge's report that was not raised in his original petition. *See Harris v. Pulley,* 885 F.2d 1354, 1377–78 (9th Cir.1988).

the summation; defense counsel did not, however, request a mistrial or curative jury instruction. (*See* Tr. at 189–94.) The First Department affirmed Chisolm's conviction, holding that his challenge to the prosecutor's summation was unpreserved for appeal. *People v. Chisolm*, 241 A.D.2d 346, 346, 660 N.Y.S.2d 976, 976 (1st Dep't), *app. denied*, 91 N.Y.2d 870, 668 N.Y.S.2d 569, 691 N.E.2d 641 (1997).

For the reasons set forth below, because the First Department's decision rests on an adequate and independent state procedural ground, and because Chisolm has not shown cause for the default and prejudice, the Court should deny Chisolm's habeas corpus petition as frivolous.

### *ANALYSIS*

The Supreme Court has made clear that the "adequate and independent state ground doctrine applies on federal habeas," such that "an adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989) (citations omitted); *accord, e.g., Coleman v. Thompson*, 501 U.S. 722, 735, 111 S.Ct. 2546, 2557, 115 L.Ed.2d 640 (1991); *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir.1997); *Glenn v. Bartlett*, 98 F.3d 721, 724 (2d Cir.1996); *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir.1990); *Farrington v. Senkowski*, 19 F.Supp.2d 176, 180 (S.D.N.Y.1998); *Cooper v. LeFevre*, 94–cv–5958, 1998 WL 386340 at *1 (E.D.N.Y. July 8, 1998); *Williams v. Bennet*, 97 Civ. 1628, 1998 WL 236222 at *6 (S.D.N.Y. April 20, 1998) (Baer, D.J. & Peck, M.J.); *Vera v. Hanslmaier*, 928 F.Supp. 278, 285 (S.D.N.Y.1996) (Jones, D.J. & Peck, M.J.); *Liner v. Keane*, 95 Civ. 2738, 1996 WL 33990 at *7 (S.D.N.Y. Jan.3, 1996) (Wood, D.J. & Peck, M.J.); *Singh v. Kuhlmann*, 94 Civ. 2213, 1995 WL 870113 at *10 (S.D.N.Y. Aug.25, 1995) (Cote, D.J. & Peck, M.J.). Chisolm's case is an example of such a procedural default.

Chisolm argues that although he was charged only with assault and possession of a weapon, the prosecutor during summation "strongly suggested to the jury that the petitioner was a drug dealer," and that Chisolm had been involved in drug dealing with his victim Lopez and two known drug dealers, Biz and Box. (Pet. ¶ 12(A)(5); Tr. at 189–94.) Defense counsel objected several times to the prosecutor's references during closing argument to Chisolm's relationship with the drug dealers, and the trial judge sustained the objections:

> [ADA] BRANCATO: Well, we know from the evidence and we know from counsel's summation to you that the defendant himself trusted Mr. Lopez. The defendant himself, who along with Biz and Box and the two other guys who showed up that night, they trusted him enough to work with him. They trusted him enough to make him an appendage of what they did.... Their prized possessions were shared amongst each other.
>
> MR. PAISLEY: Judge, *objection.*
>
> THE COURT: *Sustained.* It is all speculation.
>
> MR. BRANCATO: Well, ladies and gentlemen, what do we know? *We know that when Mr. Lopez was selling drugs,* there was [sic] Biz and Box. And he said that there were the two other guys there. And he said, "Where was the defendant?" "The defendant was right with us." ...
>
> And what does counsel tell you in his summation? And the words, almost verbatim are, he says in a soft voice to you, "Well, maybe if you say something about someone ahead of you, you can move up." Is counsel not implying, is he not stating to you that the defendant was part of this and that the reason why he is being targeted now is because Mr.

Lopez wants to jump one step on the ladder?

MR. PAISLEY: *Objection*, Judge.

THE COURT: *Sustained. Again, that's speculation. There is no evidence on that issue so I ask the jury not to speculate about anything that is not in evidence.*

MR. BRANCATO: Judge, may we approach, please?

THE COURT: *Mr. Brancato, again, it is speculation. I ask you to stay away from speculation. Just limit yourself to the evidence.*

(Tr. at 189–91, emphasis added.)[1] Chisolm's counsel, however, did not move for a mistrial or seek a curative jury instruction, as required by New York law to preserve the issue for appeal.[2] (*See, e.g.,* Tr. at 189–210.)

On March 8, 1994, the jury found Chisolm guilty of assault in the first degree and possession of a weapon in the second and third degrees. (Pet. ¶ 4; Tr. at 253–56.) The trial judge sentenced Chisolm as a second offender to concurrent sentences of 6 to 12 years, 6 to 12 years and 3½ to 7 years. (Pet. ¶ 3; 3/29/94 Sentencing Tr. at 8–9.)

Chisolm appealed his conviction to the First Department on the ground that he was unfairly prejudiced by the prosecutor's summation. (Pet. ¶ 9(a)-(d); Affidavit of Asst. Atty. General Dian Kerr McCullough ¶ 5 & Ex. B: Chisolm 1st Dep't Br. at 5–10.) The First Department upheld Chisolm's conviction, holding in full that:

> *Defendant's [Chisolm's] challenges to the prosecutor's summation are unpreserved, and we decline to review them in the interest of justice.* Were we to review defendant's claims, we would find that the challenged remarks were fair comments, as they were arguments readily inferable from the evidence, and were in direct response to defense counsel's summation.

*People v. Chisolm,* 241 A.D.2d 346, 346, 660 N.Y.S.2d 976, 976–77 (1st Dep't 1997) (citing, *inter alia, People v. Medina,* 53 N.Y.2d at 952, 441 N.Y.S.2d at 442–43, 424 N.E.2d 276). The Court of Appeals denied leave to appeal. *People v. Chisolm,* 91 N.Y.2d 870, 668 N.Y.S.2d 569, 691 N.E.2d 641 (1997).

The First Department held that Chisolm's challenge to the prosecutor's summation was "unpreserved" because of a state procedural default, an adequate and independent basis for decision that removes the issue from federal habeas re-

---

1. Outside the jury's presence, the prosecutor elaborated on his argument that he was responding to defense counsel's summation. The trial judge responded that "if there had been an objection to that, I would have sustained the objection," and reiterated his direction that the prosecutor limit himself to evidence: "I am going to ask you to limit yourself to the evidence, not speculative remarks made by each of you. Your summation must be based on the evidence. I am not going to have any problem with this case in the future because of the prosecutor's summation. So I ask you again to limit yourself to the evidence in this case so that we can proceed with a proper trial." (Tr. at 193–94.)

2. Under New York law, to preserve a grounds for appeal, counsel must object and, if the objection is sustained but counsel believes more is necessary, also move for a mistrial or seek a curative jury instruction to a ruling. *See, e.g.,* N.Y.Crim. Proc. Law § 470.05(2) (McKinney's 1998) ("For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same."); *People v. Medina,* 53 N.Y.2d 951, 953, 441 N.Y.S.2d 442, 442–43, 424 N.E.2d 276 (1981) (where defense counsel's objection to prosecutor's summation remarks were upheld by the court, and counsel did not request curative instructions or move for a mistrial, counsel did not preserve grounds for appeal); *People v. Ferguson,* 243 A.D.2d 308, 664 N.Y.S.2d 521 (1st Dep't) (defendant's failure to request further relief when objections to prosecutor's statements were sustained left claims unpreserved for appeal), *appeal denied,* 91 N.Y.2d 872, 668 N.Y.S.2d 571, 691 N.E.2d 643 (1997).

view. *See* cases cited at page 2 above. The fact that the First Department also discussed the merits of the claim does not change this result. The Supreme Court has made clear that "a state court need not fear reaching the merits of a federal claim in an *alternative* holding." *Harris v. Reed,* 489 U.S. at 264 n. 10, 109 S.Ct. at 1044 n. 10 (emphasis in original); *accord, e.g., Williams v. Bennet,* 1998 WL 236222 at *6; *Vera v. Hanslmaier,* 928 F.Supp. at 285. The doctrine "curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision." *Harris v. Reed,* 489 U.S. at 264 n. 10, 109 S.Ct. at 1044 n. 10. State courts are not required to use any particular language:

> We encourage state courts to express plainly, in every decision potentially subject to federal review, the grounds upon which their judgments rest, *but we will not impose on state courts the responsibility for using particular language* in every case in which a state prisoner presents a federal claim—every state appeal, every denial of state collateral review—in order that federal courts might not be bothered with reviewing state law and the record in the case.

*Coleman v. Thompson,* 501 U.S. at 739, 111 S.Ct. at 2559 (emphasis added); *accord, e.g., Williams v. Bennet,* 1998 WL 236222 at *6; *Vera v. Hanslmaier,* 928 F.Supp. at 286. The First Department's ruling on the merits, in the interest of justice, was an alternative ruling to its holding that Chisolm's prejudicial summation issue was procedurally unpreserved for appellate review.[3]

Because there is an adequate and independent state ground for the First Department's decision not to review Chisolm's challenge to the prosecutor's summation, Chisolm would have to show in his habeas petition cause for the default and actual prejudice, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See* cases cited at page 2 above. Chisolm has not shown "cause" because his counsel was not prevented by some external impediment from moving for a mistrial or requesting curative jury instructions, either of which would have preserved the grounds for appeal. *See. e.g., Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *Farrington v. Senkowski,* 19 F.Supp.2d at 180. Indeed, Chisolm has not even tried to show cause and prejudice, and it is clear that he could not do so. Chisolm's habeas claim is barred by an adequate and independent state ground.

### *CONCLUSION*

For the reasons set forth above, the Court should deny Chisolm's petition for a writ of habeas corpus as frivolous.

### *FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION*

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Loretta

---

**3.** The New York Court of Appeals denied Chisolm's application for leave to appeal, without opinion. *People v. Chisolm,* 91 N.Y.2d 870, 668 N.Y.S.2d 569, 691 N.E.2d 641 (1997). The Supreme Court held in *Ylst v. Nunnemaker,* 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991), with respect to unexplained orders, that federal habeas courts should presume that "[w]here there has been one rea-

soned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Id.* at 803, 111 S.Ct. at 2594; *accord, e.g., Williams v. Bennet,* 1998 WL 236222 at *7 n. 2; *Vera v. Hanslmaier,* 928 F.Supp. at 286 n. 3. Chisolm has presented no facts to rebut that presumption.

A. Preska, 500 Pearl Street, Room 1320, and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Preska. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied*, 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.), *cert. denied*, 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

November 4, 1998.