Fabio GONZALEZ, Petitioner,

v.

UNITED STATES of America and Hon. Tracy Johns, Warden, Federal Correctional Institution Loretto, Pennsylvania, Respondents.

No. CV 04–1148.

United States District Court, E.D. New York.

Sept. 24, 2004.

Ernest H. Hammer, Esq., New York, NY, for Petitioner.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, By Bonnie S. Klapper, Esq., Assistant United States Attorney, Central Islip, NY, for Respondent.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Petitioner Fabio Gonzalez ("Petitioner" or "Gonzalez"), moves for an order pursuant to 28 U.S.C. § 2255, vacating a sentence of imprisonment imposed by this court in January of 2004 for Petitioner's violation of the terms of his supervised release. Petitioner contends that he was denied the effective assistance of counsel in violation of his rights under the Sixth Amendment to the United States Constitution. For the reasons set forth below, the Petition is denied.

## BACKGROUND

I. The Underlying Conviction and Gonzalez' *Conduct During His Period of Supervised Release*

Gonzalez pled guilty in two separate criminal cases prosecuted in this District 1995 and 1996. On October 18, 1996, Defendant pled guilty in the 1995 case to a charge of money laundering and was sentenced to an eighteen month term of incarceration, followed by a three year period of supervised release. Gonzalez pled guilty to the 1996 charge on January 30, 1998 and was sentenced to a seventy month period of incarceration. This period of incarceration was to be followed by a five year period of supervised release.

Defendant's incarceration on the above-referenced charges ended and he began his period of supervised release in February of 2002. During this period of time it is clear that Gonzalez associated with individuals involved in loan sharking and drug dealing. Gonzalez maintains that all of these activities were undertaken in connection with his offers to cooperate with FBI investigations. The record indicates that Gonzalez did, indeed, attempt to cooperate with the FBI. It is also clear, however, that the FBI offered only to pay Gonzalez for his assistance and that there was never an agreement in place with the Office of the United States Attorney to enter into any type of cooperation agreement with Gonzalez. More specifically, it is clear that there was never an agreement pursuant to which Gonzalez would receive a recommendation for leniency should he be found to have violated the terms of his supervised release.

II. *The 2003 State Court Conviction*

On January 17, 2003, Gonzalez was arrested and charged with driving while intoxicated, in violation of New York State law. The misdemeanor information issued charged that Gonzalez was asleep at the wheel of his car, and was observed by the arresting officer to have bloodshot, glassy eyes and slurred speech. He was further observed to be unsteady on his feet and to have had an alcoholic smell to his breath. Gonzalez was arrested and transported to the police precinct where he refused to submit to a breath test.

Gonzalez was represented, in connection with this charge, by attorney William P. Griffin. Gonzalez pleaded guilty to the state charge on April 14, 2003. Gonzalez now takes the position that he was somehow pressured into pleading guilty and that Griffin did not investigate any viable defenses available to Gonzalez in connection with the state charge. The government contends, on the other hand, that attorney Griffin properly advised Gonzalez of his options prior to his agreeing to plead guilty.

III. *The Violation of Supervised Release and the Guilty Plea and Sentence on That Charge*

Shortly after Gonzalez pled guilty to the state charge, this court, pursuant to the

request of the government, issued a summons for violation and revocation of the terms of his supervised release (the "Violation Charge"). On September 23, 2003, Gonzalez appeared before Magistrate Judge E. Thomas Boyle for the purpose of pleading guilty to the Violation Charge. Upon being sworn, Gonzalez stated that on the night of his arrest he was driving after drinking beer and refused a breathalyzer test. He acknowledged that he was driving while intoxicated and that he pled guilty in the state court to that charge.

Gonzalez thereafter came before this court to be sentenced on the Violation Charge. At that proceeding, he was again represented by attorney Griffin, the same attorney who represented him in the state court and before the Magistrate Judge. Griffin sought leniency on behalf of his client. He noted that Gonzalez had provided the FBI with important information on drug traffickers. Griffin argued that Gonzalez was instrumental in the arrest of an individual who was allegedly funding terrorists in Columbia. Griffin also pointed out that Gonzalez was employed, supported a family and engaged in community service work with homeless people.

Although the government acknowledged that "Gonzalez was hopeful that his cooperation with the FBI would lead the government to seek a lower sentence," the Assistant United States Attorney stated that it was always very clear to Gonzalez that her office "would in no way enter into any cooperation agreement which would give him credit for cooperation."

After hearing argument, this court sentenced Gonzalez to a six month term of imprisonment. He was instructed to surrender on or before January 28, 2004. Shortly before the expiration of his term of imprisonment Gonzalez filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("Section 2255").

## IV. *The 2255 Petition*

In support of his petition, Gonzalez argues that he was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. Specifically, Gonzalez finds fault with the way in which his attorney handled both the plea of guilty on the state court charge as well as the plea to the Violation Charge. Gonzalez states that Griffin should not have advised Gonzalez to plead guilty in the state court and that he was entitled to a lenient sentence as a result of his cooperation with the FBI. As demonstrated below, neither claim warrants a granting of the petition.

## DISCUSSION

### I. *The State Court Plea of Guilty*

Gonzalez claims that Griffin pressured him into pleading guilty in the state court and failed to properly investigate available defenses. Before reaching the merits of this claim of ineffective assistance of counsel, the court turns first to determine whether any such claim can be considered in the context of this proceeding pursuant to Section 2255. Research has not revealed a case directly on point. Indeed, the court has not uncovered any case where, as here, a Petitioner seeks to have a court review the constitutionality of a state court conviction in a proceeding attacking a federal sentence imposed for the violation of the terms of supervised release. Analogous Supreme Court precedent however, convinces the court that it may not reach the merits of this collateral attack.

Specifically, in *Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001), the petitioner's sentence was enhanced pursuant to the Armed Career Criminal Act of 1984 (the "ACCA"). The enhancement was applied as a result of

two prior state court convictions. After sentencing, Daniels sought to vacate the enhancement pursuant to Section 2255. In support of the petition, Daniels argued that the ACCA enhancement was improper because the prior state court convictions were either unknowing and involuntary or the product of ineffective assistance of counsel. *Daniels*, 532 U.S. at 376, 121 S.Ct. 1578.

The Supreme Court rejected the collateral attack to the state court convictions and refused to consider whether they were obtained in violation of the Constitution. The Court noted that Daniels had "numerous opportunities," including direct appeal and state court post-conviction proceedings, to challenge the convictions upon which the enhancement was based. *Daniels*, 532 U.S. at 381, 121 S.Ct. 1578. After exhaustion of those remedies, Daniels could have attacked the validity of the convictions in the context of a petition pursuant to 28 U.S.C. § 2254. Having bypassed those procedures, Daniels could not, years later, attack the convictions in federal post-conviction proceedings pursuant to Section 2255. *Id.* at 382, 121 S.Ct. 1578.

It mattered not in *Daniels* that the passage of time rendered the state court convictions no longer open to review. Instead, "[t]he presumption of validity that attached to the prior convictions at the time of the sentencing [was] conclusive, and the defendant [could not] collaterally attack his prior conviction through a motion under § 2255." *Daniels*, 532 U.S. at 382, 121 S.Ct. 1578. The petitioner was held not "entitled to another bite at the apple simply because that conviction is later used to enhance another sentence." *Id.* at 383, 121 S.Ct. 1578.[1] *See also Lack-*

*awanna County District Attorney v. Coss,* 532 U.S. 394, 402, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (extending holding in *Daniels* to proceedings brought pursuant to 28 U.S.C. § 2254); *Danielson v. United States,* 2001 WL 863416 *4 (S.D.N.Y.2001) (refusing to consider merits of challenge to state court conviction used as ACCA enhancement in proceeding brought pursuant to 28 U.S.C. § 2255).

■ The same issues and policies expressed by the Supreme Court in *Daniels* leads the court to conclude that Gonzalez may not collaterally attack the state court conviction here. Specifically, concerns for the finality and presumptive validity of state court convictions and respect for state court procedures bar this court from considering whether or not Gonzalez received effective assistance of counsel when pleading guilty to the state court charge upon which the Violation Charge was based. Having pleaded guilty in the state court, Gonzalez, like the petitioner in *Daniels*, ought not be able to bypass all state avenues of direct and collateral appeal to that conviction and present such a challenge, in the first instance, to the federal court. Accordingly, the court will not reach the merits of the claim that Griffin provided Gonzalez ineffective assistance of counsel in the state court. *Cf. United States v. Jones*, 27 F.3d 50, 52 (2d Cir. 1994) (refusing to consider collateral attack to state court conviction used to calculate defendant's sentence under federal sentencing guidelines); *Harris v. INS*, 2004 WL 951510 *2 (E.D.N.Y.2004) (refusing to consider collateral attack to state court conviction brought in proceeding to review order of deportation based upon convic-

---

1. The Court recognized a single exception, not relevant here, to the rule preventing collateral attack. That exception applies when a petitioner alleges that a prior conviction was

obtained in violation of the right to counsel established by *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). *Daniels*, 532 U.S. at 382–83, 121 S.Ct. 1578.

tion); *Skeete v. New York,* 2003 WL 22709079 *1 (E.D.N.Y.2003) (same).

Having rejected the invitation to consider the representation received by Gonzalez in the state court, the court turns to the single claim that is properly before this court—whether Gonzalez was properly represented in connection with the Violation Charge.

II. The Claim of Ineffective Assistance of Counsel *In Connection With the Federal Proceedings*

A. *Legal Principles: Ineffective Assistance of Counsel*

A claim of ineffective assistance of counsel can be sustained only if the representation at issue fell below an objective standard of reasonableness and there is a reasonable probability that absent counsel's errors the outcome of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Jackson v. Leonardo,* 162 F.3d 81, 85 (2d Cir.1998); *United States v. Leslie,* 103 F.3d 1093, 1099 (2d Cir.), *cert, denied,* 520 U.S. 1220, 117 S.Ct. 1713, 137 L.Ed.2d 837 (1997).

All advice offered by counsel is not required to withstand a retrospective examination in a post-conviction hearing. *See McMann v. Richardson,* 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Instead, all that is required is that the defendant and counsel use their best judgment as to the weight of the prosecution's case. So long as the challenged attorney is prepared with relevant facts and appropriate legal standards, strategic decisions regarding the challenging of evidence and witnesses cannot be second-guessed in an effort to support an ineffective assistance of counsel claim. *See United States v. DiPaolo,* 804 F.2d 225, 234 (2d Cir.1986); *Farrington v. Senkowski,* 19 F.Supp.2d 176, 179 (S.D.N.Y.1998)

B. *Gonzalez Received Adequate Representation*

■ Applying the aforementioned standard by which counsel's performance is measured, the court rejects the argument that counsel was inadequate in the context of the plea and sentencing proceedings on the Violation Charge. First, it cannot be said that attorney Griffin's advice that Gonzalez plead guilty to the Violation Charge amounted to ineffective assistance of counsel. Gonzalez was charged with three separate violations. Griffin effectively negotiated a plea to a single charge that resulted in this court's imposition of a six month sentence—far below what could have been imposed had Gonzalez been found guilty of the three separately charged violations.

■ Moreover, there is no support for the claim that Gonzalez received ineffective assistance of counsel in connection with his sentencing on the Violation Charge. As noted above, Griffin argued vigorously in support of his client's claim for a lenient sentence. Gonzalez' cooperation with the FBI as well as his employment and family and community ties were stressed. Ultimately, counsel's efforts were rewarded in the form of a relatively short six month sentence. Under these circumstances it cannot be said that Griffin was in any way ineffective in connection with his representation of Gonzalez.

### CONCLUSION

For the foregoing reasons, the petition pursuant to 28 U.S.C. § 2255 is denied. The Clerk of the Court is directed to close the file in this case.

SO ORDERED.